CHAPPELL VS. THE TOWN OF OREGON.

NEW TRIAL. (1) *Refusal of, when not interfered with.*
ACCIDENT: HIGHWAY. (2, 3) *Accidental injury, when not ground of action.*

1. Where there is some evidence upon which the finding of the jury can fairly be supported, this court will not interfere with the action of the court below in refusing a new trial.
2. Some cases of accidental damage the law regards as mere misfortunes or pure accidents, in respect to which no negligence or other fault is imputable to any person.
3. In this case, where plaintiff sues for an injury alleged to have resulted from defendant's negligence in failing to keep a highway in repair,

there was evidence upon which the jury might have found that the rut or hole in the highway which is alleged to have caused the injury, did not constitute a defect, but that the road was reasonably safe and convenient for public use, and that the injury to plaintiff (no negligence on his part being shown) was the result of pure accident; and this court therefore declines to reverse the order of the court below refusing a new trial.

APPEAL from the Circuit Court for *Dane* County.

Action for personal injuries to plaintiff caused by his being thrown from a wagon, by reason of a deep hole or rut in a highway of the defendant town.  From the evidence, which was exceedingly conflicting, it appeared that at the time of the accident, plaintiff, with two other persons, was driving with a common wagon upon the road, the three occupying the seat together, the horses going at an ordinary trot, when the wheel struck the rut, and plaintiff was thrown out, breaking his collar bone and otherwise sustaining severe injuries.  One of the plaintiff's witnesses testified that he saw the hole a few days before the accident; was driving by in a sulky, and went into the hole accidentally; heard his sulky spring crack, and got out to see if it was broken ; the main spring was broken.  The hole was a "square drop down" about three feet long ; there was a track around it, one to straddle it, and one to lead into it; it flared at the top and was six inches wide; witness never measured its depth, but should think by the eye it was ten or twelve inches deep.  The most traveled track was around to the right of the rut, and seemed to have been made to shun the place.  Another witness for plaintiff testified that he had driven through the rut a few days before the accident, with his horses on a walk ; the wheel apparently "dropped right in and came up right out," and gave witness a throw forward; he thought the wheel dropped in not less than ten inches.  "This was the most dangerous place in the vicinity, but didn't think it dangerous enough to warn any one except on this occasion." Several other witnesses for plaintiff testified to the dangerous

condition of the rut, having driven through it shortly before the accident and being more or less jarred.

A witness for defendant testified that he examined the rut the night of the accident; and that, according to his observation, it was two and a half feet long, and from six to eight inches deep. The overseer of highways testified that he was notified of the rut next morning after the accident; had never heard of it before; went with a shovel and filled it up, putting in from three to five shovels of dirt, and knocked off the side ruts of mud; didn't measure the rut, but thought it about six inches deep. Several witnesses for defendant testified to a knowledge of the rut before the accident, having driven through it, some in wagons and some in carriages, the general tenor of their testimony being that it was of very little consequence; that it jarred them very slightly, and that they regarded the road as a good one.

Verdict for defendant. A motion (on the judge's minutes) for a new trial on the ground that the verdict was contrary to the evidence, was denied; and plaintiff appealed from a judgment on the verdict.

*J. H. Carpenter*, for appellant:

"The circuit courts have an undoubted right, and it is their duty, to grant new trials where the verdict of the jury is manifestly against the weight of testimony and the clear justice of the case." *Van Valkenburg v. Hoskins*, 7 Wis., 496. When the circuit court fails in the performance of this duty, this court ought to correct the error. We concede, as held in *Eaton v. Joint School District No. 3*, 23 Wis., 374, that "where there is some evidence upon which the finding of the jury can fairly be supported, this court will not interfere with the action of the court below in refusing a new trial, although the verdict may be against the weight of the evidence." Where the testimony leaves the issue fairly in doubt, the verdict will not be disturbed; but where, as in this case, it is such that fair minded and impartial men ought not to hesitate, and the jury find against the manifest weight of

evidence, the court ought to interfere, and it is an abuse of discretion to decline doing so. *Langhoff v. Mil. & P. du C. R'y Co.*, 23 Wis., 43; *Delaney v. M. & St. P. R'y Co.*, 33 id., 67. As to what will amount to an insufficiency in the highway, see *Kittredge v. City of Milwaukee*, 26 Wis., 46; *Foshay v. Town of Glen Haven*, 25 id., 288; *Wheeler v. Town of Westport*, 30 id., 392.

*Orton, Keyes & Chynoweth*, for respondent.    [No brief on file.]

Cole, J.    In this case the plaintiff moved, upon the minutes of the judge, to set aside the verdict and grant a new trial, for the reason that such verdict was contrary to and unsupported by the evidence in the cause.    This motion was overruled, and the only exception relied on for a reversal of the judgment is the refusal of the court to grant this motion.    It is claimed that the circuit court abused its discretion in denying the motion for a new trial.    We think the rule of law applicable to the question raised cannot be more accurately stated than it is by Mr. Justice Paine in *Eaton v. Joint School District No. 3*, 23 Wis., 374, and which is quoted on the brief of counsel for the plaintiff.    He says: "Where there is some evidence upon which the finding of the jury can fairly be supported, this court would not interfere with the action of the court below in refusing a new trial, although we might consider the verdict against the weight of evidence.    But where there is no evidence to support the verdict at all, it is the duty of the court to set it aside, and of this court to correct its action, if it refuses."    See also *Van Doran v. Armstrony*, 28 Wis., 236, and cases there cited.

It seems to us, applying this rule to the case, we must affirm the judgment.    It cannot be said that the verdict is unsupported by evidence.    It may be admitted that the testimony shows very satisfactorily that the plaintiff was guilty of no want of ordinary care and diligence in driving the team, or in sitting upon the seat in the manner he did, which did or could in any respect contribute to produce the injury of which he complains. But upon the question whether the rut or hole described in the

evidence constituted a defect or insufficiency, and rendered the highway unsafe and dangerous to persons traveling thereon, there is a conflict in the testimony. It will not do to assume that the insufficiency is shown beyond all doubt, because an accident happened at that place to the plaintiff while driving along the road with due care. For accidents sometimes happen when no one can be said to be at fault, and which the law regards as misfortunes merely. In this case the jury, in view of all the testimony and of the law as laid down by the court for their guidance, might have concluded that the rut or hole in the highway did not constitute a defect, but that the road was reasonably safe and convenient for public use, and that the injury to the plaintiff was the result of pure accident. It is undeniable that there is testimony which tends to support such an inference; and as the court below did not think proper to set the verdict aside as being unsupported by the evidence, we do not feel warranted in saying that it erred in its ruling.

*By the Court.*—The judgment of the circuit court is affirmed.