GOLDSTEIN vs. THE CHICAGO, MILWAUKEE & ST. PAUL
RAILWAY COMPANY.

NEGLIGENCE: COURT AND JURY. *(1) When question of negligence for the court. (2) Certain facts held to constitute negligence as matter of law.*

1. While in a proper case, and perhaps in most cases, the question of negligence is for the jury, yet where negligence conclusively appears, whether by averment or by undisputed evidence, the court must so hold.

2. In an action for injuries alleged to have been caused by defendant's negligence in leaving a narrow passageway between its depot and a canal, undefended by any railing along the canal, such passageway being the only way of access for teams delivering or receiving freight at said depot,

and being so narrow as to leave hardly sufficient room for two wagons going in opposite directions to pass each other without forcing the outer one into the canal, the complaint shows that plaintiff, with knowledge of the danger, voluntarily attempted to drive his wagon loaded with goods along the canal side of such passageway, and past another wagon thereon, and in so doing met the injury complained of, from his horse becoming frightened and backing into the canal. *Held*, that these averments show contributory negligence.

APPEAL from the County Court of *Milwaukee* County.

Action for injuries from defendant's negligence. After alleging that defendant is a corporation and common carrier, and the owner of block 155 in the city of Milwaukee, the complaint proceeds as follows:

" That said block 155 is bounded north and west by the Menomonee Canal; that a certain freight depot is located thereon, and that the same is approachable only on the north and west side of said depot, on a narrow passageway on the dock between the depot and said canal, and that there is hardly sufficient room for two wagons crossing in opposite directions to pass each other, without forcing the wagon on the outer or canal side from the dock into the canal; that, in order to avoid such forcing or pushing of the outer vehicle into the canal, it would be necessary to provide the passage aforesaid with guards, barriers or rails on the canal side; that said defendant, although as such common carrier it receives into and ships from said depot a large quantity of freight by divers teams going back and forth on said narrow passage, has neglected and failed, and still neglects and fails, to provide said passage with the necessary guards, barriers or rails; that on the 6th day of June, 1877, this plaintiff, in order to get freight from said depot, brought there a short time before by said defendant as such carrier, carefully drove his horse and wagon loaded with goods of the value of about $70, to the western passage, where said freight could be most conveniently received, and, while so driving, another team stood on said passage on the depot side, so that this plaintiff cautiously and

carefully turned his horse to the outer or canal side; that his said horse, for the want of railing on that side, became frightened, and refused to pass by said wagon, and backed the wagon so suddenly that this plaintiff had not even time to notice the dangerous position he was in, and, by the backing aforesaid, without any fault of this plaintiff, the wagon, the plaintiff, the goods and the horse were precipitately plunged into the said canal."

Then follows a statement of the injuries received by the plaintiff to his person and property, and prayer for judgment.

Defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action. Plaintiff appealed from an order sustaining the demurrer.

The appeal was submitted on the brief of *M. N. Lando* for the appellant, and that of *Melbert B. Cary* for the respondent.

Lyon, J. The only question which we find it necessary to determine on this appeal is, Does the complaint show on its face that the plaintiff was guilty of negligence which contributed proximately to the injuries of which he complains? If it does, no cause of action is stated therein, and the demurrer was properly sustained.

If a person places himself or his property in a position of known danger, when he might avoid it, he is guilty of negligence; and although the danger may have been caused by the negligence of another, if the party thus taking the risk of injury is injured thereby, he cannot maintain an action for damages against the other, because his own negligence contributed to the injury.

In the case before us, it appears from the complaint that the plaintiff attempted to drive his horse through or over an unguarded passageway on the brink of the canal, so narrow that there was imminent danger that the animal and the vehicle to which it was attached would be forced into the canal. He did this voluntarily, and must have known the peril to

which he was exposing his property and person. The horse became frightened, and, in the endeavor to avoid the peril into which he was being driven, suddenly backed into the canal. The disaster was the direct result of the plaintiff's attempt to drive along the narrow unguarded passage. That the plaintiff was guilty of negligence which contributed proximately to cause the injuries of which he complains, seems to us too clear for argument or doubt. True, the complaint states that the plaintiff " carefully and cautiously turned his horse to the outer or canal side;" but that averment does not negative his negligence. The negligence was not in the manner of driving, but in attempting to drive there at all.

It is said that the question of negligence is for the jury. This is true in a proper case, perhaps in most cases. But if negligence conclusively appear, whether by averment or undisputed evidence, the court must so hold, and a verdict to the contrary will be set aside. *Delaney v. Railway Co.*, 33 Wis., 67; *Haas v. Railway Co.*, 41 id., 44. From the facts stated in the complaint in this case, the inference of the plaintiff's negligence is conclusive.

*By the Court.* — The order of the county court sustaining the demurrer to the complaint must be affirmed.