Jones vs. Sutherland.

---

Jones, Respondent, vs. Sutherland, Appellant.

*November 26 — December 17, 1895.*

*Master and servant: Personal injuries: Contributory negligence: Court and jury.*

Plaintiff, an adult employee in defendant's sawmill, while getting down into a box around the lower wheel of a band saw for the purpose of oiling the shaft, was injured by slipping on the slanting bottom of the box and striking against the saw. The evidence — showing, among other things, that he had worked about sawmills for ten years and in defendant's mill for three years; that he had never done this work, but had observed another employee, whose place he was *temporarily* taking, get down into the box, and, though he had not examined the bottom, knew that it necessarily slanted so as to carry the sawdust down to a conveyor; that there was sawdust in the box so that the bottom looked level; and that he stepped down upon it without paying any attention to where he was stepping — is *held* to show contributory negligence as matter of law. Winslow, J., dissents.

Jones vs. Sutherland.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This action is for the recovery of compensation for an injury which plaintiff alleges he received through actionable negligence on the part of defendant. At the close of the testimony defendant's counsel moved the court to direct a verdict in his favor, which was denied, and exception to the ruling was duly taken. The jury rendered a verdict, finding all the issues in favor of the plaintiff, and assessing his damages at $450. A motion was then made by defendant's counsel to set aside the verdict and for a new trial on the minutes of the court, because the verdict was contrary to the evidence and was contrary to law, which motion was overruled, and judgment entered in plaintiff's favor, from which this appeal was taken. The facts are stated in the opinion.

For the appellant there was a brief by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.*

For the respondent there was a brief by *Sanborn, Dufur & O'Keefe,* and oral argument by *A. W. Sanborn.*

MARSHALL, J. At the time plaintiff was injured, he was engaged as an employee of defendant in a sawmill. He was a man about thirty years of age, had worked in and around sawmills more or less for upwards of ten years, and in and around the mill in question about three years. The mill contained a band saw,— that is, an endless saw, in the form of a belt with teeth on one side, running over two large open wheels, each about nine feet in diameter; one being located sufficiently above the mill floor to allow the passage of saw logs underneath, at the side; the other located below the mill floor, in a box so constructed as to catch the sawdust and cause the same to pass into a conveyor below and at the back of the wheel. This box was all around the wheel from the floor down. The band saw, on the toothed side,

projected slightly beyond the rim of the wheel. The side of the box in front — that is, opposite the toothed edge of the saw — was from eighteen inches to two feet from the wheel, leaving a space of sufficient width for a person to go down into it for the purpose of oiling the shaft. The back side was as close to the rim as it could be without interfering with the free operation of the wheel. The bottom, on the front side, from a point a little above the level of the lower rim of the wheel, slanted sharply down, so as to cause the sawdust to slide into the conveyor located as before stated. This bottom was so slanting that a person stepping on it without guarding against the liability to slip was in danger of sliding down against the saw teeth.

The plaintiff, prior to the time of the injury, had never been down into this box, but he had frequently seen the person whose duty it was to oil the shaft go down for that purpose, taking with him an oil can and also a scraper, the latter implement being used to clean the sawdust out from the rim of the wheel; and he knew, by observation, that the method of going down was to proceed, facing the wheel, by stepping on the spokes, and, though he had not examined the bottom, he knew that it was necessarily slanted from the side he descended down under the wheel, so as to carry the sawdust down into the conveyor. On the occasion in question he was directed by the foreman of the mill to leave the work he was generally engaged in, and take the place of the employee whose duty it was to go down into the box and oil the shaft as occasion required. He complied with the direction, took the oil can in one hand, and the scraper in the other, and went down as he had frequently seen others do. The bottom of the box was filled with sawdust up to and level with or a little above the lower side of the wheel. When he got to the lower rim, he stepped off backward onto the bottom, when he instantly slid down, causing his leg to strike against the saw teeth, by reason of which

Jones vs. Sutherland.

he received the injury complained of. In respect to plaintiff's knowledge of the construction of the bottom of the box, and to his conduct at the time of stepping off of the wheel, he testified as follows: "I did not know how the bottom was fixed. I supposed it was perfectly level. I knew that there was a conveyor under the wheel, or should be, and that the box was for the purpose of throwing the sawdust down into the conveyor; and I suppose it had to be constructed so as to throw the sawdust onto the conveyor. I did not stop to pay any attention at all where I stepped. Looked level. The sawdust had filled up to the bottom of the wheel."

Substantially the only questions argued in the briefs of counsel are whether the evidence shows so conclusively contributory negligence on the part of plaintiff that the court should have granted defendant's motion to direct a verdict, made at the close of the testimony, and whether the finding of the jury on the subject is contrary to the evidence.

While the rule is that the master must furnish a reasonably safe place for his servants to work in, it is just as well settled that the employer has the right to expect that the employee will use ordinary care to examine his surroundings; that he will see the dangers that are patent to ordinary observation by a person in the exercise of ordinary care; and that he will use ordinary common sense and prudence to avoid such dangers. We may certainly venture the assertion that this needs no citation of authority to sustain it, it being in accordance with the teachings of all standard writers on the subject, and recognized by the courts everywhere. Again, while it is true that if there are latent dangers, or even dangers patent, known to the master, or of which he ought to know, and which the employee, on account of age, want of skill, or otherwise, does not know or is not presumed to understand and appreciate, it is the duty of the master to instruct him in regard thereto, it is just as

well settled that, if the servant in fact knows or ought to know and appreciate such dangers, it is not material that the master does not instruct him on the subject. Now, whatever dangers there were in merely going down into the box to oil the shaft, they must have been known to plaintiff as well as to defendant. He knew that if he slipped or fell against the saw teeth he would get hurt. He needed no information on that subject. To be sure, according to the evidence, the bottom of the box was covered with sawdust, and, as plaintiff says, it looked perfectly level; but no reasonable conclusion can be reached but that he knew the bottom underneath was slanting. He knew it had necessarily to be so. No amount of instruction could have given him any better information of all the conditions which made his act dangerous than what, as a man of ordinary common sense and experience around a sawmill, he must have known. It clearly appears that plaintiff was not injured from the fact that the business he was engaged in was dangerous. To engage in dangerous business is not necessarily negligent. *Pennsylvania R. Co. v. Long,* 94 Ind. 250. The trouble was that he performed his work in a grossly negligent manner. He says, in effect, that he stepped off backward from the lower rim of the wheel, opposite the saw teeth, onto the sawdust that lay on the slanting bottom of the box, without paying any attention at all in regard to where or how he stepped. That tells the whole story. The evidence shows conclusively contributory negligence on plaintiff's part. At the close of the evidence, as the case stood, the question was one of law for the court. The motion to direct a verdict should therefore have been granted. The verdict of the jury on the subject of plaintiff's negligence was contrary to the law and to the evidence. Therefore the motion for a new trial should have been granted. *Goldstein v. C., M. & St. P. R. Co.* 46 Wis. 404; *Kelley v. C., M. & St. P. R. Co.*

Boehm vs. Duluth, South Shore & Atlantic R. Co.

50 Wis. 381; *Goddard v. C. & N. W. R. Co.* 54 Wis. 548; *Seefeld v. C., M. & St. P. R. Co.* 70 Wis. 216.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

WINSLOW, J., dissents.