Powell vs. Ashland Iron & Steel Co.

Powell, Appellant, vs. Ashland Iron & Steel Company, Respondent.

*November 18 — December 10, 1897.*

*Appeal: Court and jury: Master and servant: Assumption of risk: Contributory negligence.*

1. Unless the proof of contributory negligence is so clear and decisive as to leave no room for unbiased and impartial minds to come to any other conclusion, the question of such negligence must be determined by the jury.

2. A decision of the trial court that the plaintiff in an action for a personal injury by negligence was, as a matter of law, guilty of contributory negligence, must be affirmed on appeal, unless it is clearly erroneous.

3. Evidence showing, among other things, that there were two elevator shafts, side by side, in a dimly lighted place in a manufacturing

Powell vs. Ashland Iron & Steel Co.

plant, which had nothing to prevent approach to them and were dangerous, one elevator going up while the other was coming down, and that an employee who was perfectly familiar with all the facts and with the danger of exposing himself within the shafts, on being requested to place the dinner pail of the man at the top upon the elevator undertook to do so and was injured by the descending elevator, is *held* to sustain a finding by the trial court that he had assumed the risk and was, as a matter of law, guilty of contributory negligence.

4. It is a general rule that, where unusual dangers are known to the employee and he voluntarily assumes them, if he is thereby injured he cannot recover, because of his contributory fault, even though the master, at the same time, is guilty of negligence which, without such assumption of risk, would have rendered him liable.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

Action to recover damages for personal injuries. Plaintiff was a man twenty-two years of age, and of average intelligence so far as shown by the pleadings and evidence. He was in the employ of defendant in operating an iron-manufacturing plant. While so employed he stepped into the lower opening of an elevator shaft, or leaned into such opening, for the purpose of placing a workman's dinner pail on the elevator to send it to the top landing where such workman was employed. While in the act of so doing the elevator descended and struck him, causing the injury complained of. The jury rendered a special verdict, finding all the issues in plaintiff's favor, and assessing his damages at $3,000. The third finding was to the effect that plaintiff was not guilty of contributory negligence. The court, on motion of the defendant, changed such finding to one that plaintiff was guilty of such negligence, which was excepted to by the plaintiff. Judgment was thereupon rendered in defendant's favor of no cause of action, and the plaintiff appealed.

For the appellant there was a brief by *Cate, Sanborn, Lamoreux & Park,* with *D. F. O'Keefe,* of counsel, and oral

argument by *B. B. Park.* Among other things, they argued that the defendant, as master, not having provided any railing, guard, or fence for the elevators, as required by sec. 1635*f*, S. & B. Ann. Stats., was liable for the injury to his employee. *Taylor v. Carew Mfg. Co.* 143 Mass. 470; *Willy v. Mulledy,* 78 N. Y. 310. The question of plaintiff's contributory negligence was for the jury. It was not so clear as to justify the court in ignoring the right of the jury and assuming to pass upon it. *Kaples v. Orth,* 61 Wis. 531; *Peterson v. Sherry L. Co.* 90 id. 83; *Townley v. C., M. & St. P. R. Co.* 53 id. 633; *Salladay v. Dodgeville,* 85 id. 318; *Valin v. M. & N. R. Co.* 82 id. 1; *Peoples' Bank v. Morgolofski,* 75 Md. 432; *Thompson v. Edward P. Allis Co.* 89 Wis. 529; *Jung v. Stevens Point,* 74 id. 547; *Strong v. Stevens Point,* 62 id. 265; *Gates v. Hughes,* 44 id. 332; *Cumberland V. R. Co. v. Maugans,* 61 Md. 53. The plaintiff was not negligent. He acted upon proofs such as would satisfy an ordinarily intelligent and prudent person of facts which rendered it safe for him to act as he did. Beach, Contrib. Neg. (1st ed.), 41; *Philadelphia, W. & B. R. Co. v. Anderson,* 72 Md. 519; *Engel v. Smith,* 82 Mich. 1; *Wheeler v. Westport,* 30 Wis. 392; *Cuthbert v. Appleton,* 24 id. 383; *Weisenberg v. Appleton,* 26 id. 56; *Barstow v. Berlin,* 34 id. 357; *Ewen v. C. & N. W. R. Co.* 38 id. 613.

For the respondent there was a brief by *Tomkins & Merrill,* and oral argument by *Geo. H. Merrill.*

MARSHALL, J. The sole question on this appeal is, Does the evidence conclusively show contributory negligence on plaintiff's part? Otherwise that branch of the case was exclusively for the jury, and the trial court erred in changing the finding in that regard and in rendering judgment for the defendant.

The general rule is too firmly established and well understood to require discussion here, to the effect that unless the

proof of contributory negligence is so clear and decisive as to leave no room for unbiased and impartial minds to come to any other conclusion, or, as it is sometimes said, so clear and conclusive as not to admit, reasonably, of any opposing inference in unbiased and unprejudiced minds, the proper inference to be drawn must be determined by the jury. *Duame v. C. & N. W. R. Co.* 72 Wis. 523; *Winstanley v. C., M. & St. P. R. Co.* 72 Wis. 375; *Steinhofel v. C., M. & St. P. R. Co.* 92 Wis. 123; *Seefeld v. C., M. & St. P. R. Co.* 70 Wis. 216; *Valin v. M. & N. R. Co.* 82 Wis. 1; *Langhoff v. M. & P. du C. R. Co.* 19 Wis. 489; *Nelson v. C., M. & St. P. R. Co.* 60 Wis. 320.

The learned circuit judge who presided at the trial, in deciding the question under consideration, undoubtedly had clearly in mind the familiar principle to which we have referred, and, testing the undisputed facts on the evidence by such rule, concluded that there could be but one reasonable inference therefrom; that such inference was unmistakable; and therefore that the question was one of law which it was his duty to decide; and he held accordingly. A decision thus rendered must be affirmed on appeal unless it clearly appears that it was erroneous. That weight, at least, should be given to decisions of trial judges, even on questions of the kind under consideration. It is the uniform rule that their determination of questions of fact cannot be disturbed unless against the clear preponderance of the evidence. The reasons for that rule do not apply as strongly to decisions as to whether the inferences to be drawn from undisputed facts are all one way, but the opportunities which a trial judge has for determining such questions are superior to those possessed by the appellate court, and on that ground are entitled to considerable weight, and, where the question is doubtful, to controlling weight.

In the light of the foregoing we have carefully considered the evidence in the record bearing on the question presented.

Powell vs. Ashland Iron & Steel Co.

It is undisputed that there were two elevator shafts side by
side, reaching from about ten inches below the level of the
lower floor of the manufacturing plant to a height of about
sixty-five feet; that there was an opening in each such shaft
at the lower floor, about nine by ten feet; that the elevators
were operated by steam power to carry charcoal and iron
ore to the top of the furnace, where it was handled by work-
men called top-fillers; that the elevators were operated in
such a way that when one went up the other came down,
and when one was at the top of the shaft the other was in
the pit, with the platform at a level with the lower floor;
that an ore crusher in the vicinity made so much noise as to'
render the working of the elevator machinery, ordinarily,
not perceptible in the vicinity of the lower openings into
the shafts; that the light in the room next to such openings
was very poor, so that whether the elevators were up or
down could not readily be seen without artificial light, es-
pecially by a person on first going in from the outside of
the building; that it was usual to have a light there for the
use of the workmen who filled the carriers with coal and ore
and rolled them onto the elevator platforms to be hoisted;
that there was no protection at the openings to prevent a
person from walking into the shafts, and nothing to indi-
cate whether an elevator was up or down except as its loca-
tion could be discerned by looking in at the opening; that
it was customary to send to the top-filler his dinner pail by
placing it on the elevator platform; that plaintiff was re-
quested to do that on the occasion in question; that he was
perfectly familiar with all the facts before detailed, and
knew that it was dangerous to expose his body in an eleva-
tor shaft without first being sure that the elevator was down
or not about to descend; that all the risks were as well known
to him as to the defendant; that under these circumstances
he approached the elevator to place the filler's dinner pail
on the elevator platform.    Whether he walked into the

opening and was then struck by the descending elevator, or in attempting to place the pail on the platform leaned over sufficiently to place his body in the path of the descending elevator, is not certain; but it is undisputed that he looked into one of the openings and saw that the platform was not down; that he then looked into the other, and supposing by appearances that the platform there was down, either walked into the shaft or leaned over into it, when the elevator descended upon him causing the injuries complained of.

The general rule is that, where unusual dangers are known to the employee and he voluntarily assumes them, if he is thereby injured he cannot recover, on account of his contributory fault, even if the master, at the same time, is guilty of negligence which, without such assumption of risk, would have rendered him liable. *Hazen v. West Superior L. Co.* 91 Wis. 208; *Jones v. Sutherland,* 91 Wis. 587; *Jung v. Stevens Point,* 74 Wis. 547; *Naylor v. C. & N. W. R. Co.* 53 Wis. 661. This rule is based on the theory that when a person engages in the employment of another, he is supposed to do so in view of all the usual risks incident to the business, and also all unusual hazards attending such business as conducted by the master, if such hazards are known to him. This, as said in effect by a very learned author, eminent as such and as a judge of one of the highest courts, is only a part of the contract which public policy permits master and servant to make, inasmuch as an opposite doctrine would not only subject employers to unreasonable and often ruinous responsibilities, thereby embarrassing all branches of business, but would be an encouragement to the servant to omit that diligence for his own safety which is a far higher security than any recovery against the master for damages could ever afford.

The foregoing, in the judgment of the trial court, governs this case in defendant's favor, and the record comes far short of showing clearly that the decision is wrong. While it

goes on the doctrine of assumed risks, the subject was covered by the third finding. True, that referred to contributory negligence, but, as said before, it includes assumption of the risk. There are courts, and text writers as well, that confidently claim a distinction between the two, some going so far as to hold that "assumption of risk" is so essentially a matter of special contract that to constitute a defense it must be pleaded specially. It is considered here, notwithstanding authority to the contrary, that no necessary distinction exists between the two. Such distinctions are indulged in far too much and lead only to confusion and uncertainty in a most important branch of jurisprudence. Assumption of risk, in the sense of those ordinary dangers incident to an employment as ordinarily carried on, of course has nothing to do with contributory negligence, for there being no negligence on the part of the employer as to such risks, obviously there can be no contributory negligence in the sense of concurring fault. But the term "assumption of the risk," as used to designate a defense against the employer's fault, covers the subject of one's voluntarily subjecting himself to danger not ordinarily incident to the employment in which he is engaged, but which nevertheless exists because of the way the employer sees fit to conduct his business. Tested by the standard of ordinary care, the presence of such unusual danger constitutes a wrong on the part of the employer, but one the legal consequences of which the servant may contract to waive, which he does by entering or continuing in the employment of the master with knowledge of its existence. In such a case it is immaterial that the danger might be guarded against by the employer, even if failure in that respect be a violation of some statutory requirement on the subject. The responsibilities which, by the rules of the common law, the servant must assume and discharge for his own safety, are not affected thereby unless the statute expressly so provides. What is

here said is not strictly essential to a decision of this case, but it is considered proper in order to bring out clearly that the third finding on the subject of contributory negligence includes assumption of risk as a form of such negligence. It is by no means an open question in this court. The assumption of risks by an employee in any employment, not ordinarily incident thereto, has been uniformly treated by this court as but a form of contributory negligence. *Darcey v. Farmers' L. Co.* 87 Wis. 245; *Hazen v. West Superior L. Co.* 91 Wis. 208; *Peterson v. Sherry L. Co.* 90 Wis. 93.

It follows from the foregoing that the judgment appealed from must be affirmed.

*By the Court.*— Judgment affirmed.