PRAHL, Respondent, vs. THE TOWN OF WAUPACA, Appellant.

*February 5 — February 26, 1901.*

*Highways: Sufficiency: Court and jury: Evidence.*

1. The question whether a highway at the place where an accident occurred was insufficient and unsafe for public travel is always one for the jury unless the conditions and circumstances are so clear and convincing as to leave no room for reasonable controversy.
2. In this case the question whether a turnpike eleven feet wide and eighteen inches high with abrupt banks, across which a culvert without guards had been constructed, the traveled track being one

and one-half feet from its south end, was insufficient and unsafe, so as to render the town liable for injuries sustained by a traveler whose horse shied at drain pipes piled by the roadside and ran the buggy off the culvert, is *held* to have been for the jury.

3. In such a case evidence of measurements, made more than a year after the accident and after material changes had been made in the turnpike, was properly rejected.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

The purpose of this action is to recover damages for injuries sustained by the plaintiff upon an alleged defective highway in the defendant town. The accident is alleged to have occurred by reason of plaintiff's horse becoming momentarily frightened at some drain pipes left in the highway near the traveled track. The jury, by a special verdict, found that the accident occurred at a culvert on a turnpike eleven feet wide and eighteen inches high, with abrupt sides. They also found that the drain pipes were located on the north side of the road, a rod or thereabouts east of the culvert. The plaintiff's horse became frightened at the pipes, and while momentarily beyond control ran the buggy off the culvert, and caused the accident. By the tenth and eleventh questions and answers, the jury found that the highway at the place of the accident was in a defective and unsafe condition for public travel, which was the proximate cause of plaintiff's injuries. Other facts not material to the questions raised were found. Damages were fixed at $400. Plaintiff moved for judgment, and defendant to set aside the answer to question 2, regarding the width of the turnpike, changing it from eleven to twelve feet, and also asked the court to disregard answers to questions 10 and 11, and for judgment for defendant. Plaintiff's motion for judgment was granted, and defendant appeals. The questions raised for consideration are that the court rejected proper evidence offered by defendant; that the court erred in not setting aside the answer to the second question; and that a

Prahl vs. The Town of Waupaca.

verdict should have been directed for defendant on the ground that the evidence did not show the highway was defective.

For the appellant the cause was submitted on the brief of *Connell & Hart*, attorneys, and *Cate, Lamoreux & Park*, of counsel. They cited *Wheeler v. Westport*, 30 Wis. 392; *Loberg v. Amherst*, 87 Wis. 634; *Bodah v. Deer Creek*, 99 Wis. 509.

For the respondent there was a brief by *F. J. Feeney*, attorney, and *James H. Feeney*, of counsel, and oral argument by *F. J. Feeney*. To the point that a ditch two feet deep close to the traveled track of a highway with no rails or barriers is not only an insufficiency but dangerous to the public travel, they cited *Seymer v. Lake*, 66 Wis. 651; *Hein v. Fairchild*, 87 Wis. 258, 262, 264; *Dreher v. Fitchburg*, 22 Wis. 675; *Chappell v. Oregon*, 36 Wis. 145; *Fritsch v. Allegheny*, 91 Pa. St. 226; *Hinckley v. Somerset*, 145 Mass. 326.

BARDEEN, J. The main question litigated in the trial court, and the one urged with greatest vigor on this appeal, is that the highway was not shown to be in such a state of insufficiency or want of repair as to render defendant liable for plaintiff's accident. The facts regarding the exact condition of the highway were in sharp dispute. The accident occurred at a culvert in a narrow turnpike, in a depression between two hills. The testimony regarding the width of the culvert and the height of the turnpike was conflicting. The jury found the culvert was eleven feet wide, and the turnpike was eighteen inches high, and with abrupt banks. There is evidence to support these conclusions, and they must stand as verities in the case. The plaintiff was traveling west. Just before reaching the culvert the horse shied at some drain pipes left in the highway by the town authorities on the north side of the turnpike, and the buggy ran off the south end of the culvert, and plaintiff was

thrown out and injured. The place was without guards. The face of the turnpike was smooth. The usual traveled track was about one and one-half feet from the south end of the culvert. The jury found, under proper instructions, that the road was insufficient and unsafe for public travel. That question is always one for the jury, unless the conditions and circumstances are so clear and convincing as to leave no room for reasonable controversy. If, in the exercise of reason and with impartial judgment, a jury has found the highway to be insufficient, their finding must stand, unless we can say that the evidence, and the legitimate inferences therefrom, are so clear and decisive that no reasonable or unbiased man would have reached that conclusion. The rule is akin to that applied in cases of contributory negligence, of which there are many in the books. See *Powell v. Ashland I. & S. Co.* 98 Wis. 35. When the condition shown is such that different minds may reasonably draw different inferences and arrive at different conclusions, the jury, and not the court, must make the ultimate determination. It must be confessed that this case is very close to the border line. At the same time, we are not convinced that we ought to say that the highway was reasonably safe, as a matter of law. When we come to consider the width and height of the turnpike, and the surrounding conditions referred to, there is, at least, some room to say that it was not reasonably adequate or sufficient for public travel. The jury and the trial court have said so, and the inferences against it are not so clear and strong that we feel justified in overturning that conclusion. *Gorr v. Mittlestaedt*, 96 Wis. 296. See *Chappell v. Oregon*, 36 Wis. 145; *Hein v. Fairchild*, 87 Wis. 258.

The defendant sought to introduce testimony of measurements made by a witness a year or more after the accident. The evidence is undisputed that changes in the turnpike

had been made after the accident, and before the measurements were made, to such an extent as to leave no reasonable basis therefor. The rejection of such evidence was fully justified.

*By the Court.*— The judgment is affirmed.