STAUFFACHER, Respondent, vs. TOWN OF SYLVESTER, Appellant.

*February 21—March 11, 1902.*

*Highways: Personal injuries: Negligence: Traction engines: Pleadings.*

In an action for personal injuries alleged to have been occasioned by a defective highway, the complaint set forth, among other allegations, that, in the highway in question, there was a ditch or gully four or five feet deep, close up to, and partially under, the traveled track, obscured from view by the presence of a rank growth of weeds; that the same had existed for at least three months; and that plaintiff was injured while propelling a traction engine on which he was riding, by the ground giving away at the point where the ditch was located, whereby plaintiff and the engine were precipitated into the ditch. *Held*, that the complaint stated facts showing that the highway was insufficient for ordinary travel, and that there was nothing in the complaint to warrant an inference that the injury was the result of the breaking down of a reasonably safe highway,

APPEAL from an order of the circuit court for Green county: B. F. DUNWIDDIE, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *Colin W. Wright,* and for the respondent on that of *J. L. Sherron.*

CASSODAY, C. J.    This is an appeal from an order over-
ruling a demurrer to the complaint in an action for damages
for personal injuries sustained by reason of a defect in the
public highway October 13, 1899.    In addition to allega-
tions of a formal character, and the giving of the requisite
statutory notices, and the disallowance of the plaintiff's
claim for damages, the complaint alleges, in effect, that at
a point in the highway, described, about thirteen feet north
of a certain bridge thereon, there was on the day mentioned,
and had been for a long time previous thereto, a ditch or
gully, four or five feet deep, close up to, and partially under,
the traveled track, on the east side thereof, and which on the
day mentioned was obscured from view by the presence of a
rank growth of weeds; that the insufficiency and want of
repair and the gully or ditch had existed previous to the
day mentioned for at least three months, and were well
known to the town, its supervisors, and the overseer of the
road district in which the highway at that place was situ-
ated, and through their negligence, and failure to repair the
same by the construction of culverts for the passage of the
surface water, and the erection of barriers along the east
side of the traveled track of the highway near the gully, con-
stituted and were a dangerous defect therein; that on the
day named the plaintiff was traveling along the highway in
a northerly direction, and at the time was riding on the rear
end of a steam thresher engine, which he then and there was
assisting in propelling along the highway, and was then and
there in the exercise of due care and diligence, and when the
right hind wheel of the engine, which was then and there
in the traveled track of the highway, came opposite the gully
or ditch at that point, the ground underneath and to the
east of the hind wheel of the engine broke away, by reason
entirely of insufficiency and want of repair of the highway
at that place, and the engine and the plaintiff, in conse-
quence thereof, and in consequence wholly of the insuffi-

ciency and want of repair of the highway at that place, were, with great force, precipitated into the gully or ditch, and the plaintiff sustained great injury and damages to his person, and particularly in that his left lower limb was greatly and severely wrenched and twisted, and his left knee thrown out of joint, and he sustained other and serious bruises and injuries, for which he demanded $500 damages.

Counsel for the defendant contends that it appears from the facts alleged that the highway was sufficient for ordinary travel, and that the defendant was not bound to provide a highway which would support the great and extraordinary weight of a steam thresher engine, like the one in question.

But there is nothing in the complaint to warrant an inference that the injury was the result of the breaking down of a reasonably safe highway. "A ditch or gully four or five feet deep, close up to, and partially under, the traveled track, on the east side thereof, . . . obscured from view by the presence of a rank growth of weeds," was certainly a very serious defect in the highway. The allegation is that when the hind wheel of the "engine, which was then and there on the traveled track," came opposite the gully or ditch, "the ground underneath and to the east of the hind wheel" broke away, by reason entirely of the insufficiency and want of repair of the highway at that place, and that there were no guards or barriers. This court has held that an excavation two feet deep, and only two feet from the traveled track, without being guarded, might be held to be defective, as a matter of law. *Seymer v. Lake,* 66 Wis. 651. See *Hein v. Fairchild,* 87 Wis. 258; *Prahl v. Waupaca,* 109 Wis. 299. Such ruling is in harmony with a Massachusetts case cited by counsel for the defendant. *Hinckley v. Barnstable,* 109 Mass. 126. In another case in that state, cited by counsel for the defendant, it is held that "a town is liable for an injury occasioned by a defect in a highway, which the town is bound

to repair, to an elephant driven over it with due care, if, in the opinion of the jury, an elephant, at the time and place and under the circumstances of the accident, was an animal which it was reasonably proper to take over a highway kept for the reasonable use of the public." *Gregory v. Adams,* 14 Gray, 242. Counsel for the defendant refers to sec. 1347*b*, as amended by ch. 197, Laws of 1899. These statutes have recently been considered and construed by this court. *Welch v. Geneva,* 110 Wis. 388; *Walker v. Ontario,* 111 Wis. 113. In the first of these cases it was held that "in such case, there being a direct causal connection between the excessive weight of the engine and the accident, and the act done contributing to the result which followed, the person doing it takes the risk of injury, and is without remedy if it occurs." In the other case it was held that the statute last cited "impliedly justifies the use of highways and bridges by traction engines, without liability on the part of owners, if they comply with its requirements; and it would seem that the proper authorities are under obligation to keep up their highways and bridges to a standard of usefulness and safety sufficient for such use." In that case it was also held that, "where the defective and rotten condition of the stringers and braces of a bridge was not so obvious as to be discoverable by ordinary observation, there was no conclusive inference of contributory negligence on the part of a person who was injured by the breaking of the bridge while he was attempting to cross it with a traction engine weighing 9,500 pounds, although he had passed over the bridge daily, knew it was twelve or thirteen years old, and did not test the structure by boring into the timbers." We must hold that the complaint in the case at bar states a good cause of action. Certainly it states facts sufficient to take the case to the jury.

*By the Court.*—The order of the circuit court is affirmed.