WILLIAM HEHIR *vs.* RHODE ISLAND COMPANY.

PROVIDENCE—MARCH 16, 1904.

PRESENT: Stiness, C. J., Tillinghast and Dubois, JJ.

(1) *New Trial. Questions of Fact. Rule on Conflicting Evidence.*

The rule which controls in petitions for new trials in this State is that where the evidence as to the existence of the facts in issue is conflicting and of such a character that fair-minded men might honestly differ as to the result thereof, the verdict of the jury is final, although the court or another jury might come to a different conclusion upon the same facts.

TRESPASS ON THE CASE for negligence. Heard on petition of defendant for re-argument, after denial of its petition for new trial. Petition dismissed.

TILLINGHAST, J. This case was very fully and carefully considered by the court before rendering the decision now complained of by defendant's counsel, and, after reading his brief in support of his motion for a re-argument, we fail to see that he has pointed out any error committed by the court in said decision.

Counsel criticises the rule adopted by the court that "where the evidence is conflicting, the case is one which is peculiarly within the province of the jury to decide;" contending that under such a broad rule the Appellate Division could in no case consider a petition for new trial, based upon the ground of the verdict being against the evidence, because every case has two sides, and there must of necessity be conflicting testimony in every case.

He argues, further, that the law does not contemplate such a rigid rule, and that it is only in cases where the testimony is sufficiently conflicting to make it doubtful where the preponderance may be that the court would refuse to interfere with the verdict.

(1)     The rule which the court adopted—or rather followed—is, and always has been, the rule which controls in petitions for new trials, not only in this State but wherever the common law is in force.    Questions of fact are for the jury to try and determine.    And where the evidence as to the existence of those facts which are put in issue is conflicting, and of such a character that fair-minded men might honestly differ as to the result thereof, the verdict of the jury is final and conclusive. See *Beattie* v. *Thomason,* 16 R. I. 13;   *Sweet* v. *Wood,* 18 R. I. 386;   *Kelley* v. *Brennan, ib.* 41;   *Nelson* v. *Pierce, ib.* 539; *Anderson* v. *Taft,* 20 R. I. 362;   *Pawt. Steam & Gas Pipe Co.* v. *Briggs,* 21 R. I. 457;   *Lebeau* v. *Mfg. Co.,* 26 R. I. 34; *State* v. *Peabody,* 25 R. I. 544;   *Powell* v. *Steel Co.,* 98 Wis. 35; 14 Ency. Pl. & Pr. 777;

And this is so, even though the court or another jury might come to a different conclusion upon the same state of facts. The cases, both reported and unreported, in this State are numerous and uniform in support of this doctrine.   See, by way of illustration, *Watson* v. *Tripp,* 11 R. I. 98;   *Boss* v. *R. R. Co.,* 15 R. I. 149;   *East Greenwich Inst. for Savings* v. *Kenyon,* 20 R. I. 110.

The language of the former rescript criticised by counsel, does not mean that where there is merely a technical or nominal conflict in the testimony the court may not reverse the finding of the jury, for no court of last resort ever adopts such

a rule. A mere *scintilla* of evidence is never sufficient to sustain a verdict, or, according to the modern rule, even to warrant the trial court in submitting the case to the jury; *Commissioners v. Clarke*, 94 U. S. p. 284; Bouv. Law Dict. vol. 2, 959–60. Nor is a slight amount of direct and positive evidence on one side sufficient to sustain a verdict based thereon, where the evidence opposed to it is strong and convincing and *very clearly* of greater weight. All that the court meant by the use of the language criticised, and all that any court means thereby—for it is a most common expression in opinions upon petitions for new trials—was that the testimony, the positive and substantial testimony introduced by the respective parties to the case, at the trial thereof, was so conflicting that the court could not say that the verdict was clearly and palpably wrong. And under the decision of this court in *Johnson v. Blanchard*, 5 R. I. 24, which has been repeatedly re-affirmed, a verdict can not be set aside unless the evidence "*very strongly preponderates*" against it.

In the opinion of a majority of the court the evidence in this case did not so preponderate, but on the other hand was sufficient to sustain the verdict.

The defendant's motion for re-argument is therefore denied and dismissed.

*A. A. McCaughin*, for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman*, for defendant.