RITTER, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL
RAILWAY COMPANY, Appellant.

*March 1—May 8, 1906.*

*Appeal: Refusal to set aside verdict, when disturbed: Railroads: Neg-
ligence: Injury to person at street crossing.*

1. Where the trial court has refused to set aside a verdict as con-
   trary to the evidence, that decision will not be disturbed on ap-
   peal unless the verdict is against the great weight of the evi-
   dence and all the reasonable probabilities.
2. The evidence in this case (stated in the opinion) is *held* to permit
   the inferences that plaintiff—then a boy about six years old—
   was struck by an engine at a street crossing through defend-
   ant's negligence, and that such negligence was the proximate
   cause of his injury.

APPEAL from a judgment of the circuit court for La Crosse
county: J. J. FRUIT, Circuit Judge. *Affirmed.*

Action to recover damages for a personal injury which
plaintiff alleges was caused by defendant's negligence. It is
alleged that plaintiff was injured on November 14, 1888, on
a street crossing in the city of La Crosse over which defend-
ant maintained several railroad tracks on its right of way.
Plaintiff was about five years and eight months of age when
he was injured. He commenced this action in March, 1904.
It was shown that defendant maintained seven tracks over the
crossing of Avon street, running north and south, and Hagar
street, running east and west, in this city; that plaintiff was
seriously injured by a car or engine attached to one or more
cars passing over such crossing. It is claimed that the de-
fendant was negligent in giving no warning before crossing
the street, by the blowing of a whistle or the ringing of a bell,
and in running the engine and cars faster than six miles per
hour. The jury to whom the case was submitted rendered a
verdict for the plaintiff and awarded him the sum of $8,700
as damages. Judgment was rendered by the court in his favor
for this sum. This is an appeal from such judgment.

For the appellant there was a brief by *H. H. Field* and *Woodward & Lee,* attorneys, and *Chas. E. Vroman,* of counsel, and oral argument by *Mr. Vroman.*

For the respondent there was a brief by *Higbee & Higbee,* and oral argument by *E. C. Higbee.*

The following opinion was filed March 20, 1906:

SIEBECKER, J. It is contended that the verdict of the jury is without credible evidence to support it, and that the court's denial of defendant's motion for a new trial upon this ground was prejudicial error. The rule governing this court in its review of such a decision by the trial court is explicitly stated in the recent case of *Bannon v. Ins. Co. of N. A.* 115 Wis. 250, 91 N. W. 666, to be that "this court will not reverse such order merely because, in its opinion, the verdict is against the preponderance or 'great weight' of the evidence; the deference which the court owes to the trial courts forbids such action. This court will reverse such a ruling only when there is no evidence to sustain the verdict or its finding, or where, though there be some evidence in its support, still the great weight of the evidence is against it, *and* that weight is so reenforced by all the reasonable probabilities and inferences that it becomes overwhelming. . . . The great weight of evidence and all reasonable probabilities must conjoin against the verdict in order to make the situation such that this court will interfere." *Collins v. Janesville,* 117 Wis. 415, 94 N. W. 309; *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573; *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57.

The question, then, is whether there is evidence tending to support plaintiff's claims, which in any reasonable view of it is worthy of belief. As stated, the accident occurred about sixteen years before the trial took place. This fact may serve to explain the want of recollection, by the witnesses of the accident who were sworn on the trial, of many of the par-

ticulars. It, however, affords no aid to explain discrepancies and contradictions between them as to matters of which they claim to have positive recollections. There is nothing in the location of the tracks, the adjacent structures, or other objects surrounding the place of accident which could prevent the witnesses from observing the occurrences and incidents of the accident to the extent to which they now testify they did see them. The testimony relied on to support the verdict is mainly that of Mr. Smith, Mrs. Smith, and Mr. Clark. They state that this engine was being moved, rear end forward, over this crossing, in a westerly direction. Mr. Smith testifies that the accident occurred between the hours of 9 and 10 o'clock in the forenoon; that his working hours as night watchman ended in the morning; and that he stood near the gate in the dooryard of his home when the accident happened. He had a clear and unobstructed view of the tracks and the crossing, these being from 270 to 300 feet from him. While looking toward and at the crossing he saw two or three boys at the crossing, near the sidewalk, on or next to the tracks. He states that they stopped and one of them hopped or danced on one foot; the engine then came up to them, and his view of the boys was then intercepted. He, however, immediately noticed that something had gone wrong and at once went hurriedly to the place of the accident. When he came up to the boy he found that he had been injured. No warning or signal was given by whistling or ringing the bell, and the engine and car moved on without stopping. Mr. Smith also states that, at the time of the accident, the engine was running faster than six miles an hour. He examined the tracks immediately after the plaintiff had been taken to his home, which was situated near the tracks, and found two shoe prints and a little blood on the south rail of the second track from the south.

Mrs. Smith testified that she and Mr. Smith were standing at their gate. Her statements are confirmatory of Mr. Smith's

as to the time of day when the accident happened, the backing of the engine and car and their speed, as to there being some screaming and noise at the crossing, and his starting for the scene of trouble. She states, however, that she saw no boys on the crossing before the accident. Mr. Clark testified that he passed the crossing and observed a boy as he passed onto the tracks; that he spoke to him, saying it was not a safe place for him. He states that there was no other boy with the plaintiff. He walked on nearly to the end of the next block when he heard some screaming and commotion at the crossing, and he turned and observed a person in the act of picking up something. He saw an engine and cars going westward, but did not return to learn what had occurred.

The question arises whether this evidence furnishes a basis which will support the inferences of liability upon the grounds found by the jury. There is nothing to show that this evidence is intrinsically improbable, and it cannot be said that the great weight of the evidence in the case and all the reasonable probabilities and inferences are so clearly against the findings of the jury as to overcome them by an overwhelming weight. This evidence, above adverted to, manifestly permitted the inferences that the boy was struck by the engine on the crossing through appellant's negligence, and that such negligence was the proximate cause of plaintiff's injury. Under such circumstances the trial court is fully sustained in its decision denying defendant's motion for a new trial. The rule governing this court in its review of such a decision of the trial court was reiterated in the case of *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57, by declaring that upon such a motion "the trial court enters a field of discretion in which he may consider whether there is such overwhelming preponderance of evidence against the verdict that it ought not to stand. While this discretion must be exercised judicially, and may be so clearly abused as to warrant reversal by this court, that will be done only in most extreme cases, of

which but few have ever arisen. The superior opportunity of the trial court to understand the meaning of the witnesses must always give to his decision on such a motion great weight."

We are led to the conclusion that the record presents no ground calling for reversal of the judgment.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied May 8, 1906.