CLINTON S. WILLETT *vs.* ADA SLOCUM.

JANUARY 6, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Contributory Negligence.   Proximate Cause.   Question of Fact.*

If a plaintiff ran across a street so suddenly that a defendant driving an automobile in the exercise of due care could not have avoided him, his own negligence was the proximate cause of the accident. If however he walked across the street, it was a question for the jury whether defendant under all the circumstances should have seen him in time to avoid the accident.

*(2)   Question of Fact.   Direction of Verdict.*

On the question whether a plaintiff walked or ran across a street, the evidence conflicting, an issue of fact was presented and motion to direct a verdict for defendant was properly denied.

*(3)   New Trial.   Conflicting Evidence.*

A verdict on conflicting evidence will not be set aside unless the evidence very strongly preponderates against it.

TRESPASS ON THE CASE for negligence. Heard on exceptions of defendant and exception to refusal to grant a new trial, sustained.

RATHBUN, J. This is an action of trespass on the case for negligence. The plaintiff, who is a minor, brings suit by his next friend to recover for personal injuries caused by his being struck by an automobile owned and operated at the time of the accident by the defendant. The trial in the Superior Court resulted in a verdict for the plaintiff in the sum of $2,541, and the case is before us on the defendant's exceptions to certain instructions to the jury; to the refusal

to direct a verdict for the defendant and to the refusal to grant the defendant a new trial.

The accident occurred in the city of Pawtucket on Division street about one hundred and seventy feet west of Summit street. Just before the accident the defendant had driven in a southerly direction along Summit street and turned to her right into Division street. A street car track is located in the middle of Division street which has a width of twenty-five feet between the curb lines. After turning into Division street the defendant proceeded on her right-hand side of said street, driving close to the sidewalk in order to pass an electric car which was approaching. The plaintiff crossed Division street from the southerly sidewalk and came in collision with the front left-hand wheel or mudguard of the defendant's automobile. The defendant stopped the automobile immediately after the said front wheel had passed over the plaintiff's body. At the time of the collision said electric car was about twelve feet west of the place of the accident. The plaintiff testified that he looked and saw the automobile at Summit street and then walked in a north-westerly direction diagonally across Division street to the point where the collision occurred. He admitted, however, making the statement that he saw no automobile. There was nothing on the street to intercept the defendant's view of the plaintiff as he proceeded across the street. The defendant testified that she was watching the electric car which she was about to pass and did not see the plaintiff until he was in the middle of the car track; that he was running at the time and that he ran into the front part of her automobile. The motorman of the electric car who was called as a witness for the plaintiff testified that the plaintiff ran across the street as fast as he could run and was apparently watching the electric car.

The plaintiff having testified that he saw the automobile at Summit street when he started to cross Division street, his attorney tried to demonstrate by mathematical calculation that the automobile must have been proceeding at an

excessive rate of speed in order to travel one hundred and seventy feet while the plaintiff was crossing Division street. In view of all of the testimony such calculation is of little value. Assuming that the plaintiff saw the automobile—which is extremely doubtful—there is no evidence as to the distance he traveled in the diagonal course which he took across the street. The evidence that the automobile was being operated at an excessive or dangerous rate of speed was very slight. The defendant testified that after turning into Division street she proceeded at the rate of about twelve miles per hour. The motorman testified that she was driving at a moderate rate. The short distance within which the automobile was stopped on a down grade indicates that the speed was moderate.

If the plaintiff ran across the street so suddenly that the defendant in the exercise of due care could not have avoided him, his own negligence was the proximate cause of the accident. If, however, he walked across the street, as he testified, it was a question for the jury in the first instance whether the defendant under all the circumstances should have seen him in time to avoid the accident. On the question whether he walked or ran across the street, the evidence was conflicting, and an issue of fact was presented. Therefore the defendant's motion to direct a verdict in her favor was properly denied.

The trial justice having deceased the motion for a new trial was passed upon by one of his associates who denied the motion *pro forma.* The verdict, coming to us without the approval of the trial justice, lacks the persuasive force which such approval would have given it. Under the circumstances it becomes our duty to weigh the testimony and determine in our judgment whether the verdict is supported by the evidence. In *Buttera* v. *Rhode Island Co.,* 110 Atl. at 71, this court stated as follows: "As the verdicts come to this court without the approval of the trial justice, the law applying to such a state of facts is that, where the evidence as to the existence of the facts which are put in

issue is conflicting, and of such a character that fair-minded men might honestly differ as to the result thereof, the verdict of the jury is final and conclusive. And this is so, even though the court or another jury might come to a different conclusion upon the same evidence. *Hehir* v. *R. I. Co.*, 26 R. I. 30, 58 Atl. 246. The established law of this state is that a verdict on conflicting evidence will not be set aside, unless the evidence very strongly preponderates against it. *Johnson* v. *Blanchard*, 5 R. I. 24."

On the issue whether the plaintiff walked or ran across the street, the evidence, in our opinion, very strongly preponderates against the verdict. Opposed to the testimony of the defendant and the motorman, who was called by the plaintiff, there was nothing except the plaintiff's statement that he walked. At the time of the accident the plaintiff was eight years old. He had gone to the home of one of his schoolmates with the intention of accompanying him to school and, finding him absent, crossed the street to search for him elsewhere. In searching for his friend it was but natural for the plaintiff to hurry in order to avoid being late at school. On all the issues involving liability, it is our opinion that the evidence very strongly preponderates against the verdict and that the case should be submitted to another jury.

The defendant's exception to the refusal of the trial court to grant a new trial is sustained. The other exceptions are overruled and the case is remitted to the Superior Court for for a new trial.

*William A. Gunning,* for plaintiff.
*Huddy, Emerson & Moulton,* for defendant.