Blaschke, Respondent, vs. City of Watertown, imp., Appellant.

*September 16—October 12, 1937.*

*Harold W. Hartwig* of Watertown, for the appellant.

For the respondent there was a brief by *Kading & Kading* of Watertown, and oral argument by *Charles E. Kading*.

ROSENBERRY, C. J.    Many questions are raised by the appealing defendant.  We have considered them, but deem only one worthy of discussion.   It appears without dispute that the highway in question, being Hall street, is used only by the farmers adjacent to it and persons having business with them.   On each side of "the north half" of Hall street are fields inclosed by fences and used for farm purposes. The north half of Hall street is narrow, being approximately twenty feet in width between the fences.   The traveled track is about six feet in width.   At the time of the accident there was a rut or washout from five to seven inches deep, fourteen to eighteen inches in width, running along the left wheel track on the traveled portion of the north half of Hall street. It began at the regular driveway leading in to the Lutovsky property and extended northward a distance of about two

hundred feet. This rut or washout had existed for some years.

The question is whether or not the rut or washout constituted a defect in the highway under the circumstances. The court submitted the following question:

"On September 23, 1935, at the time and place where the accident happened, was Hall street in such condition that it was not reasonably safe for public travel?"

In connection with this question, the court instructed the jury as follows:

"In connection with this question and the two succeeding questions you are instructed that a street or highway is defective and unsafe for public travel when it is in such condition that it is not reasonably safe for travelers to pass over the same while exercising ordinary care. A street or highway which is open for public travel must be kept reasonably safe for all the usual and ordinary kinds of travel in that locality. A highway or street is not reasonably safe for public travel when it is in such a condition that an ordinarily prudent officer charged with the care of the highway, who knows of the existing condition, ought reasonably to anticipate or expect that some injury to an ordinarily careful traveler probably would be caused thereby. If it be in such condition, either from lack of proper and sufficient construction in the first instance, or because it has become out of repair from use or from the action of the elements, then within the meaning of this question it is defective and insufficient for public travel thereon.

"In considering this question of whether it was reasonably safe for public travel, you should take into consideration the topography of the locality, the development of the community, the standard of road construction which was in vogue or which this part of the country has attained, as well as the amount and character of the traffic on said highway."

The jury answered the question "Yes."

It is the contention of the appealing defendant that the trial court should have held, as a matter of law, that a rut or

washout fourteen to eighteen inches wide and five to seven inches deep, two hundred feet in length, does not, considering the amount and character of traffic which the highway in question was supposed to carry, constitute a defect in the highway. The plaintiff contends that it was a jury question.

The liability of the appealing defendant, if any, is imposed by sec. 81.15, Stats., which, so far as material, is as follows:

"If any damage shall happen to any person . . . by reason of the insufficiency or want of repairs of any . . . road in any . . . city . . . the person sustaining such damage shall have a right to sue for and recover the same."

In *Prahl v. Waupaca* (1901), 109 Wis. 299, 302, 85 N. W. 350, 351, a case arising under sec. 81.15, it was contended on behalf of the defendant that the evidence did not establish insufficiency or want of repair of the highway so as to render the defendant liable. The court said:

"That question is always one for the jury, unless the conditions and circumstances are so clear and convincing as to leave no room for reasonable controversy. If, in the exercise of reason and with impartial judgment, a jury has found the highway to be insufficient, their finding must stand, unless we can say that the evidence, and the legitimate inferences therefrom, are so clear and decisive that no reasonable or unbiased man would have reached that conclusion. . . . When the condition shown is such that different minds may reasonably draw different inferences and arrive at different conclusions, the jury, and not the court, must make the ultimate determination."

See also *Sweetman v. Green Bay* (1912), 147 Wis. 586, 132 N. W. 1111; *Johnson v. Eau Claire* (1912), 149 Wis. 194, 135 N. W. 481, and cases there cited.

In this case the jury and the trial court were of the view that the highway at the point in question was insufficient. Thirteen men having upon the facts concluded, applying the correct rules of law thereto, that the highway was insuffi-

cient, it is rather difficult for this court to say that the minds of reasonable men could come to but one conclusion upon the evidence. Such a situation was presented in *Agen v. Metropolitan Life Ins. Co.* (1900) 105 Wis. 217, 223, 224, 80 N. W. 1020, 1023. The court said:

"The jury could not have said, as men, that the circumstances did not show suicide so as to leave no reasonable probability to the contrary; therefore it was not permissible for them to say it as jurors and have that stand as a verity in the case."

Nevertheless, the jury found for the plaintiff, the verdict of the jury was sustained by the trial court, and two justices of this court were of the same view. Yet the court by three justices said:

"Different minds cannot reasonably come to different conclusions from the evidence on that subject."

No doubt the facts in this case are such that a verdict of a jury either way would have been sustained by the evidence. There is no absolute standard to be applied in cases involving insufficiency or want of repair of highways. As was indicated by the instruction of the trial court, it is a relative matter depending upon where the highway is situated, the amount and character of use to which it is subject, and other factors. For the reasons stated, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

FOWLER, J. (*dissenting*). I dissent from the decision in this case for two reasons: (1) The condition complained of was not a defect; and (2) the verdict is fatally inconsistent.

(1) In my opinion, the condition of the road, if it was a public road, which I very much doubt under the evidence, notwithstanding the admission of the answer that "Hall street is a public street," as matter of law, did not render it

unsafe in view of the fact that it was only a *cul de sac* not at all used by the public, but only by the two abutting farmers, as means of access to their adjacent fields. The platting of land does not render a street noted thereon a public highway without some action on the part of the municipality accepting it as such. Sec. 80.01 (2), Stats.; Elliott, Roads and Streets, § 127, and cases cited. The evidence strongly evidences that the city never took any action toward accepting "Hall street" as a public road at the place where the accident occurred. It was, in effect, merely a farm lane used in common by two adjacent farmers, and was as matter of common knowledge in better condition for such use as it was put to than farm lanes are customarily kept. The condition complained of was a depression two hundred feet long or less at one of the wheel tracks in the lane, fourteen to eighteen inches wide, and five to seven inches in depth at the deepest part, and rising gradually to the outer edges at a place where the traveled portion was six feet wide, and fences on the sides were sixteen feet apart. It was in better condition for travel than dirt side roads in sparsely settled communities are required to be maintained. *Wisniewski v. Belmont,* 213 Wis. 34, 250 N. W. 859. As matter of common knowledge, farmers in driving their loaded wagons on such roads and in their fields and about their farm buildings are constantly driving them through and across equal and greater depressions without injury or thought of injury. In this situation it cannot be held that the city authorities might reasonably have anticipated injury from the depression. That is the test of reasonable safety. *Branegan v. Verona,* 170 Wis. 137, 142, 174 N. W. 468. To the same effect is *Fehrman v. Pine River,* 118 Wis. 150, 95 N. W. 105, wherein it was held that findings that a road was in reasonably safe condition, and that the condition of the road was the proximate cause of an injury, were fatally inconsistent. "The question is, What is the standard to be applied by the jury in determining the

question of safety in fact?" To determine such question the jury must "consider in their own minds whether, as reasonable men, they would have anticipated that injury would happen to a traveler?" *Fehrman Case, supra,* p. 157. There can be no "other abstract test . . . of the reasonable safety of a highway except the test of reasonable liability to cause accident or injury to the traveler." *Fehrman Case, supra,* p. 157.

(2) The jury found that the driver of the wagon was not negligent, and that the road was not reasonably safe. Whether the condition constituted a defect is tied up with whether the driver of the team was negligent. The claim is that the driver crossed the depression at an angle, so that as the left wheel of the wagon went out of the depression the right wheel went in, and the tilt of the wagon caused the stalks and the plaintiff to fall off. But if the condition was such as to constitute a defect and cause this result, the driver of the wagon was necessarily guilty of driving the wagon at such an angle as to produce such a tilt. He certainly ought to have foreseen the result of injury to the plaintiff from driving across the depression as he did if the city authorities ought to have foreseen that injury was likely to result from the condition. As the driver of the team was a party defendant from whom damages were demanded, the question of his negligence was an issue in the case the same as was the question whether there was a defect. The finding on the one issue was as vital to the judgment entered as the finding on the other, and the absolute inconsistency between these two findings renders the verdict insufficient to support the judgment against the defendant city.

I am authorized to state that Mr. Justice FAIRCHILD concurs in this dissent.