HARROD v. STOUT-GREER LUMBER COMPANY.

Opinion delivered October 12, 1908.

MASTER AND SERVANT—NEGLIGENCE—LATENT DANGER.—Where an employee, working at a lath trimmer, had his arm cut off by a revolving saw concealed under a wooden box which appeared to be securely fastened but was liable to tilt, it was error to direct a verdict for the employer, the danger being a latent one of which the employee had no notice.

Appeal from Calhoun Circuit Court; *George W. Hayes,* Judge; reversed.

### STATEMENT BY THE COURT.

This action was brought by W. M. Harrod against the Stout-Greer Lumber Company to recover damages for injuries sustained by him while in its employ by reason of its alleged negligence.

The plaintiff was injured on the 13th day of July, 1906, and at that time was 31 years old. The particular duties which he was performing when he was injured were those of tying, sizing and removing laths from a lath machine. The machine which trims off the ends of the laths is called the trimmer. The machine is set on two boxes about four and a half feet long with two saws and a pulley about four feet apart. In front of the opening between the two saws is a clamping machine fastened to a frame supporting the saws. When the bundles of lath are put between these, there is a lever which causes the jaws to shut and clamp them, and the clamping machine goes forward, and the saws trim the two ends of the bundles at the same time. A box was placed over the trimmer or cutoff saws to protect the employees from the saws and to prevent the saw dust from flying in their eyes while the machine is in operation. The box was about four inches from the top of the saws.

The plaintiff's duties were to tie; trim and remove the laths, and also to instruct a boy, who was working at the adjoining machine, how to perform his duties. On the third day after he began this work, the boy went to cut some strings. Plaintiff looked at him, and went over to give him directions about cutting the string. While doing so, he rested his arm on the box which covered the trimmer saw. This caused the box to tilt, and to strike the trimmer saw. It was revolving rapidly at the time, came up through the wood, and cut off the plaintiff's arm. The fact that the box would tilt when a weight was placed on it was not known to the plaintiff.

The court directed the jury to return a verdict for the defendant, and plaintiff has appealed.

*Nixon & Shaw* and *Taylor & Jones,* for appellant.

1.   There was legal evidence sufficient tending to prove negligence, and the court erred in taking the case from the jury.   18 L. R. A. 215; 57 Ark. 461.   The master did not exer-cise reasonable care in furnishing a safe place for the employee to work in.   54 Ark. 304; 67 L. R. A. 956.

2.   This was a hidden or secret danger, and it was the duty of the master to fully inform the servant of the danger.   79 Ark. 20; 81 *id.* 598; 39 *id.* 18; 44 L. R. A. 33; 28 *id.* 439.

3.   The question of whether there is negligence or contrib-utory negligence is always for the jury, unless the facts are un-disputed and susceptible of but one conclusion.   61 Ark. 555.

*Gaughan & Sifford* and *T. D. Wynne,* for appellee.

1.   There was no negligence on part of the master to which liability would attach.   The danger was open, apparent and easily detected.   2 Labatt on Master & Servant, p. 1850; 101 Wis. 302; 77 N. W. 742; 65 Mich. 254; 32 N. W. 427.

2.   When the evidence shows that the injury was due to the fact that at the time of the accident the servant was occupying a position obviously more dangerous than another which was available, a *prima facie* presumption of contributory negligence arises which warrants a court in declaring as a matter of law that an action cannot be maintained.   1 Labatt on Master & Servant, p. 843; Bailey on Personal Injuries, 392.

3.   Being guilty of contributory negligence as a matter of law, it was proper to direct a verdict.   57 Ark. 461; Hughes on Instr. to Juries, 118.

HART, J. (after stating the facts).   In the case of *Hazen v. West Superior Lumber Co.,* (Wis.) 64 N. W. 857, where the employee was accidentally injured while operating precisely the same kind of a machine, the court held as a matter of law that the master was not liable.   There the saw was partially covered with loose boards to prevent the saw dust from flying in the face of the operator.   The court said:

"The rapidly revolving saws were there in plain sight, where the plaintiff could not but see them, and he knew per-fectly well, without any instruction or information that if he fell upon them, or came in contact with them, he would cer-tainly be seriously and perhaps fatally injured.   There was no

possible chance of his being deceived, or for misjudgment on his part in that respect. The result would be inevitable, and in no sense a matter of judgment or opinion." Continuing, the court said: "It was just as plain to him as to his employer that such an accident might occur in the course of his employment." In the present case the saw was entirely covered with a wooden box, which, if properly secured to the machine, would have afforded protection to the operator in leaning his arm upon it. The danger was hidden, and there was nothing to warn plaintiff that it was not securely fastened.

For the reason that the alleged defect was hidden or secret, the present case may be also differentiated from the case of *Schiefelbein* v. *Badger Paper Co.* (Wis.) 77 N. W. 742. There was nothing to deceive the operator in that case. The machine in question was used for the manufacture of paper. The operator was directed to clean a screen at the bottom of a hopper through which was fed pulp by means of suction. There was a revolving fan in a drum, which carried off the air sucked from the machine, and an opening in the top of the drum allowed the air to escape. It was several feet higher than the top of the hopper, and a foot distant. The opening was ordinarily covered with a wire screen. The servant had to stand in the hopper to do his work, and rested his hand on the edge of the opening, and when he arose to an erect position his fingers were torn off by the fan. There the opening was in plain sight. It was obvious to a person of ordinary intelligence that a slight weight would cause the wire screen to sag, and that the instant it came in contact with the rapidly revolving fan it would be cut, and thus expose his hand to the danger. There the element of hiddenness or deceptiveness of the danger was wanting, and in the case at bar it is present. It is not a question of whether or not the master owed the servant the duty of guarding the saws with a covering, but, having elected to do so, can it be said as a matter of law that there was no negligence in furnishing a covering apparently secure but in fact with a hidden defect? We think not. The fact that the saw was covered with a wooden box, apparently secure, might have had a tendency to lead plaintiff to believe that the guard would protect him, and thus cause him to pay less attention to the real

danger. At least, it should have been left to the jury to say whether, from all the attendant circumstances, negligence was not inferable.

For the error in giving a peremptory instruction for defendant, the judgment is reversed, and the cause remanded for a new trial.