HAZEN, Respondent, vs. WEST SUPERIOR LUMBER COMPANY, Appellant.

*September 30 — October 22, 1895.*

*Master and servant: Assumption of obvious risks.*

An employee of mature years, even though inexperienced and uninstructed in the particular business, will be presumed to have known and assumed the risk of injury incident to obvious defects or dangers (in this case the unguarded condition of projecting circular saws forming part of the machine at which the employee was set to work, and an accumulation of sawdust, etc., on the floor), although they existed in consequence of the negligence or default of the employer.

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

This action was brought to recover against the defendant damages for injuries to plaintiff received by him while in its employ and by reason of its alleged negligence. The complaint alleges, in substance, the hiring of plaintiff by defendant to work for it in its mill, and that the next morning he was set to work at a machine in the mill for cutting off the ends of lath, consisting of a framework, resting on the floor of the mill, three or four feet high; that two circular saws projected from and beyond the upper part or horizontal table or surface, and that the portions so projecting were not in any way inclosed or covered so as to protect any person from injury who might accidentally fall against or come in contact with them, but in front of said saws some boards, attached at the upper end to a framework, came down and concealed all but a small portion of the saws, but they were so loosely fastened at the upper end that they furnished no protection to a person falling against the saws, and, being on the front or outward side of the machine from which it was operated, no person could observe or discover that the saws

were in fact unguarded and that the boards furnished no protection, unless a particular examination was made; that the plaintiff had never worked about such a machine and was wholly ignorant of its operation; that the defendant's foreman promised to show him how to manage and operate it and how to perform the work about it; that the plaintiff did not make any examination of the machine, owing to his ignorance and inexperience in such business, but that he was set to work about it and to operate it, and commenced so to do, although said foreman had wholly neglected and failed to instruct him in the premises and he had not been warned or cautioned upon the dangers connected with such work; that soon afterwards, and while engaged in placing lath in proper position upon the machine, "the plaintiff accidentally, and without fault or negligence on his part, slipped and fell against the projecting parts of said saws," whereby his forearm was so much torn, mangled, and mutilated by the saws that it had to be and was amputated between the wrist and elbow, causing him great pain, permanent injury, etc.

It was alleged that at the expense of twenty-five cents and the labor of a man for half an hour the projecting portions of said saws could have been securely inclosed and covered, so as to have prevented said, or any such, injury, without impairing the efficiency or capacity of the machine; but of this plaintiff was then ignorant, by reason of his inexperience, otherwise he would have properly inclosed and covered the saws; that at the time said machine was, and for a long time had been, unsafe, defective, and dangerous in the particulars thus stated, and the defendant wrongfully, wilfully, and negligently kept the same in such condition; that it had negligently and unnecessarily suffered sawdust and refuse matter, in considerable quantities, to accumulate on the floor of the mill about the machine, so that the footing of any person operating it had become unsafe, insecure, and preca-

rious, particularly so to a person unaccustomed to operate and attend it, and greatly increased his liability to slip and stumble, of all of which plaintiff was then ignorant, and he had not been warned and cautioned against such increased danger, and did not appreciate the same because of his inexperience; that, although unknown to the plaintiff, there was a good level floor under such accumulation of sawdust, etc., and a person operating the machine could prevent such accumulation to such an extent as to make his footing unsafe or dangerous, without hindrance to its operation, but he had not been so informed, or that such accumulation was unnecessary, or he would have cleaned it away; that by reason of the wilful negligence of the defendant in failing to cover and encase said saws, and in allowing sawdust to accumulate about the machine, and neglecting to instruct plaintiff about said sawdust and how to run said machine and attend the same, the injury to the plaintiff occurred as aforesaid, he being then a strong, healthy man of the age of thirty-five years, and able to do all kinds of manual labor.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and from an order overruling such demurrer the defendant appealed.

For the appellant there was a brief by *Knowles, Dickinson, Buchanan, Graham & Wilson,* and oral argument by *S. N. Dickinson.*

*H. C. Sloan* and *W. E. Hoehle,* for the respondent.

PINNEY, J. It must be assumed from the allegations of the complaint that the plaintiff was a person of ordinary intelligence and mature judgment. He was thirty-five years of age, and had always been able to do all kinds of manual labor. It does not appear that the work he was performing required special skill or extraordinary precaution. The injury of which he complains was not caused by any hidden

defect or concealed danger. The situation plainly indicated the particular dangers from which his injury resulted. These perils and risks were so open and obvious that by a fair exercise of his senses and the intelligence which persons of mature years are presumed to possess, under the circumstances disclosed by the complaint, they must be considered as fairly incident to his employment, and that in entering upon his work and continuing therein he assumed the risk of them. Although the plaintiff insists that he was ignorant and inexperienced, and that, as promised, he should have been instructed in respect to the dangers alleged and the manner of doing his work, we think that it was not necessary that he should have been instructed in respect to the particular causes and dangers to which he attributes his injury.

The allegations of the complaint are not entirely consistent, for while it alleges that " a large portion " of the circular saws projected from the upper table of the machine, and they were " not in any way closed or covered, and had nothing about them to protect any person from injury who might accidentally fall against or come in contact with them," it proceeds to state that the boards in front of the saws, loosely attached at the upper end to a framework, " concealed all but a small portion of said saws," and furnished no protection; that they were on the side from which the machine was operated, and no person (from the position of the operator) could observe or discover that the saws were unguarded, unless a particular examination was made; and that the plaintiff, owing to his ignorance and inexperience, made none. The description of the position of the boards, and the manner in which they were secured, indicates that they were placed there to prevent sawdust and small pieces of bark, etc., from being thrown back upon and in the face of the operator, and were not designed as a protection against anything else. The complaint proceeds

upon the ground that the saws were wholly unguarded and unprotected. The rapidly revolving saws were there, in plain sight, where the plaintiff could not but see them, and he knew perfectly well, without any instruction or information, that if he fell upon them or came in contact with them he would certainly be seriously, and perhaps fatally, injured. There was no possible chance of his being deceived, or for misjudgment on his part in that respect. The result would be inevitable, and in no sense a matter of judgment or opinion.

In respect to the accumulation of sawdust and refuse matter on the floor, the plaintiff must be held to have known that his footing would be rendered insecure and uncertain by it, and that it exposed him to the danger of stumbling and falling; but this was a matter of common, everyday experience and judgment, and he must be held to have known as much about it as his employer. He did not need, and had no right to expect, any instruction or caution regarding a matter so entirely obvious to the humblest intelligence. He should have cleared away the sawdust and refuse matter, as it was probably his duty to have done. Certainly he required no instruction to inform him of the necessity of removing it, or of the impropriety of allowing it to accumulate until it rendered the continued operation of the machine impossible or dangerous.

While engaged "in placing lath in proper position upon said machine, plaintiff accidentally, and without fault. or negligence on his part, slipped and fell against said projecting parts of said saws," and was thereby injured. The most casual inspection could not but have indicated the perils and dangers which resulted in his injury. Its immediate cause consisted in the fact that he accidentally slipped and fell against the saws. It was just as plain to him as to his employer that such an accident might occur in the course of his employment.

Hazen vs. West Superior Lumber Co.

Where a defect or danger is open and obvious, although it exists in consequence of the negligence or default of the employer, still knowledge of it on the part of an employee of mature years will be presumed, and, although the employer may be said to be guilty of negligence in keeping his premises or machinery in a dangerous condition, the employee is also guilty of negligence in accepting the service, or continuing in it, and this becomes equivalent to contributory negligence on his part, and prevents any recovery. The cases cited in respect to minors or persons of immature years, or where the danger was not plain or obvious, or where it required experience or skill to determine its existence, are inapplicable. Assumption of the risks and perils of an employment is regarded as a species of contributory negligence. Whitt. Smith, Neg. 398; *Darcey v. Farmers' L. Co.* 87 Wis. 249; *Peterson v. Sherry L. Co.* 90 Wis. 93. The allegations of the complaint clearly show an assumption of the risks arising out of the alleged causes of injury, equivalent in legal effect to contributory negligence on the part of the plaintiff. In *Darcey v. Farmers' L. Co., supra,* the findings of the jury on this point were conflicting and left the matter in doubt, and on these grounds a new trial of that case became necessary.

For the reasons stated it must be held that the demurrer was well taken.

*By the Court.*— The order of the superior court overruling the defendant's demurrer is reversed, and the cause is remanded for further proceedings according to law.