Dugal, Administratrix, Respondent, vs. The City of Chippewa Falls, Appellant.

*December 17, 1898 — January 10, 1899.*

*Master and servant: Assumption of risks of employment: Contributory negligence: Special verdict: Compound question.*

1. An employee of mature age and ordinary intelligence, who knows how the work in which he is engaged is being conducted, and the position and condition of the appliances used, is bound to apprehend the dangers resulting therefrom.

2. In an action against a city to recover for the death of an employee who was killed, while at work in repairing a bridge, by the falling of a wooden beam which had rested unsecured upon iron plates preparatory to being bolted to another beam, a question submitted for special verdict as to whether the deceased knew the manner in which the work was being conducted, *and* the position and condition of the beam and plates, *and* apprehended the danger, is objectionable in form, and a simple negative answer thereto is not a finding that he did not have that knowledge from which would result an assumption of the risk.

3. A finding on the question whether or not the deceased had such knowledge is not rendered immaterial by a finding, in answer to another question, that he was not guilty of contributory negligence, where in the charge to the jury assumption of risk was carefully differentiated from contributory negligence, and the jury must have understood that, although they found the deceased had full knowledge of the situation and its perils, they might nevertheless find that there was no contributory negligence.

Dugal vs. The City of Chippewa Falls.

APPEAL from a judgment of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Reversed.*

The plaintiff's intestate was killed by the falling on him of a heavy stick of timber, which was being fastened in place under an existing bridge by deceased and another employee of the city. Ten similar operations had been performed in the course of the work, and plaintiff had been employed for about two weeks as a common laborer; but the evidence is conflicting as to the extent to which he had been connected with the previous operations, so as to have knowledge of their character and perils. In the operation, the beam in question rested unsecured upon two iron plates, preparatory to being bolted to another beam. It was claimed by plaintiff that necessary and reasonable care to provide against its falling off required that the beams should be fastened together either by clamps or chains,— a precaution which had not been taken with reference to any of the preceding ones. It was also claimed that the particular iron plates upon which this beam rested were unusually short, and tipped downward, so as to render the peril of this particular beam slipping or tipping off greater than usual. There was a conflict of evidence as to decedent's knowledge and means of knowledge of these facts. Deceased was ordered to assist in the work at a time when it is claimed it was too dark for him to see the peril.

By consent of the parties, five questions were submitted to the jury as a special verdict, which, with their answers, were as follows: " 1. Was defendant guilty of a want of ordinary care in putting in place the needle beams in question without using clamps or chains or other means for holding such beams in position on the plates while they were being so put in place? *Answer.* Yes. 2. If you answer question number one in the affirmative, then was such want of ordinary care the proximate cause of the death of plaintiff's intestate? *A.* Yes. 3. Did plaintiff's intestate, Joseph

Dugal, know of the manner in which the work was con-
ducted on the part of the defendant, and the position and
condition of the beam and plates in question, and apprehend
the dangers resulting therefrom ?  *A.*  No.  4. Was plaint-
iff's intestate, Joseph Dugal, guilty of any want of ordinary
care that contributed to his death ?  *A.*  No.  5. What sum
of money will compensate plaintiff for the damage she has
sustained by reason of the death of her husband ?  *A.*  $4,000."

Defendant moved to set aside such verdict and each of the
special findings thereof, and to grant a new trial.  Judg-
ment was entered in favor of the plaintiff, from which this
appeal is taken.

*James J. Lunney,* city attorney, and *J. A. Anderson,* of
counsel, for the appellant.

For the respondent there was a brief by *Frawley, Bundy
& Wilcox,* and oral argument by *R. P. Wilcox.*

Dodge, J.  Special objection is made to question No. 3
and its answer.  That question, it is apparent, is compound.
Three different questions are incorporated in it, and are con-
nected, not by the disjunctive, but by the word "and."  In
order to answer the question "Yes," it would be necessary
for the jury to be satisfied of all three, namely: That Dugal
knew of the manner in which the work was conducted on
the part of the defendant; secondly, that he knew the posi-
tion and condition of the beam and plates in question; and,
thirdly, apprehended the dangers resulting therefrom.  If
the jury had not been satisfied that he knew all three of these
things, they must have answered the question "No."  They
may have been satisfied that he knew the manner in which
the work was conducted, and the position and condition of
the beams and plates in question, but were not satisfied that
he apprehended the dangers resulting therefrom,— which
would have been substantially a finding for the defendant if
properly expressed; for, if he knew the facts, he was bound

to apprehend the danger, he being of mature years and ordinary intelligence. *Dahlke v. Illinois Steel Co.* 100 Wis. 431; *Hennesey v. C. & N. W. R. Co.* 99 Wis. 109; *Jones v. Sutherland,* 91 Wis. 587; *Hazen v. West Superior L. Co.* 91 Wis. 208. The question is obnoxious to the criticism made by this court in *Klochinski v. Shores L. Co.* 93 Wis. 417; and *Sherman v. Menominee River L. Co.* 77 Wis. 14, and leaves the case wholly without any finding on the subjects involved therein. In other words, while the jury have found, *first,* that the city was guilty of negligence, which, *second,* was the proximate cause of the death of plaintiff's intestate, and, *fourth,* that deceased was guilty of no want of ordinary care which contributed to his death, they have not found whether or not he had that knowledge from which would result an assumption of the risk by him, so as to preclude the defendant from liability, unless they have found it by implication in their answer to the fourth question.

Counsel for respondent argued orally with much force that the third finding is immaterial, as the assumption of an unusual risk, such as this undoubtedly was, is contributory negligence, and the jury have, in answer to the fourth question, found deceased guiltless of any contributory negligence. This position finds much support from the opinion in *Powell v. Ashland I. & S. Co.* 98 Wis. 35. If, in the case at bar, the third question had neither been requested nor put, and the instructions had given the jury to understand that the question as to contributory negligence involved consideration of the assumption of the risk, we might think that such assumption had been negatived by the answer to the fourth question. In *Hennesey v. C. & N. W. R. Co.* 99 Wis. 109, this court pointed out a clear distinction, applicable more strongly here, between that case and *Powell v. Ashland I. & S. Co.* In the *Hennesey Case* the court below refused, on defendant's request, to submit a question as to decedent's knowledge of the perils, and the court held it

error. As well stated by Mr. Justice WINSLOW in that case: While continuing in an employment with knowledge of unusual risks is contributory negligence on the part of an employee, it is only one specific phase, and not likely to occur to the jury in that connection, unless expressly called to their attention by instructions, and, in absence of such careful instructions, ought to be submitted in a separate question.

Applying the same reasoning to the instant case, we find, not only that such assumption of the risk was not pressed on the jury as one of the things which would constitute contributory negligence, but was carefully differentiated therefrom. They were instructed, in answering the fourth question, to consider the various other acts and omissions which might constitute contributory negligence on decedent's part, with no hint that remaining in the employment with knowledge of the perils was one of them. Not only this, but they were told to consider such conduct in a wholly different connection, namely, as only affecting their answer to the third question. The jury must have understood that, although they found deceased fully conversant with the situation and its perils, so that they must answer the third question in the affirmative, they were nevertheless justified in finding absence of contributory negligence in answering the fourth. We cannot think, in view of the instructions in this case, that the jury did in fact consider and negative decedent's knowledge of the risk in answering the fourth question. Such knowledge was one of the material issues in the case, and, unless negatived by the jury, would defeat a recovery.

We conclude, therefore, that the third question and its answer should have been set aside, and that the facts as found by the verdict are not sufficient to support the judgment in favor of plaintiff.

*By the Court.*— Judgment reversed, and action remanded for a new trial.