CAMPSHURE, by guardian *ad litem,* Appellant, vs. STANDARD MANUFACTURING COMPANY, Respondent.

*November 13—November 27, 1908.*

*Master and servant: Personal injuries to servant: Negligence: Contributory negligence: Assumption of risk: Special verdict: Inconsistent answers: Appeal and error: Findings, when disturbed.*

1. In actions for personal injuries caused by the negligence of the defendant, while there may be similarity, and even equivalency, of assumption of risk with contributory negligence, they are not absolutely identical for all purposes and under all circumstances.

2. In a special verdict separate questions relative to assumption of risk and relative to contributory negligence should, in a case

where the evidence presents such separate conditions, be submitted, unless these two subjects are grouped by the charge under a question relative to contributory negligence.

3. Where such two questions are so grouped, separate questions need not be submitted unless requested by the party entitled to make such request.

4. The rule that separate questions upon assumption of risk and contributory negligence should, in a proper case and when requested, be submitted to the jury, is only justified on the ground that the jury would be authorized to find or might find different answers to each of the two questions, which answers would not necessarily be inconsistent. The question of inconsistency depends upon the evidence in the particular case considered with reference to the questions submitted or with reference to the instructions given, or with reference to both.

5. In such case, if no other "form," "phase," or "species" of contributory negligence than assumption of risk is shown by the evidence, different answers to separate questions may be inconsistent; but if there is evidence tending to show contributory negligence as distinguished from assumption of risk, and also from that "phase," "form," or "species" of contributory negligence called "assumption of risk," then different answers are not necessarily inconsistent.

6. Where, in an action by a servant for personal injuries, the appellate court cannot say on the evidence, as matter of law, that there was or was not contributory negligence as charged, and the jury on sufficient evidence have found plaintiff's assumption of the risk, such finding is decisive against the plaintiff's right to recover.

APPEAL from a judgment of the circuit court for Oconto county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

Action for personal injuries.

For the appellant the cause was submitted on the brief of *Classon & Frank.*

For the respondent there was a brief signed by *C. G. Cannon,* attorney, and *C. B. Bird,* of counsel, and oral argument by *Mr. Bird.*

TIMLIN, J. There was a special verdict by which the jury found the negligence of the defendant in permitting a saw to be used in its shop and factory without a guard or

hood over it. This negligence caused the injury. It was then found that the plaintiff did not know, at the time of his injury, that there was danger of serious injury resulting to him from the use of the saw without a cover over it; but by the seventh question that the plaintiff ought, in the exercise of ordinary care, to have reasonably anticipated that there was danger of serious injury resulting to him from the use of the saw without a cover on it. At the same time, by the ninth question, the jury found that there was no want of ordinary care on the part of the plaintiff which contributed to his injury. Upon motion the circuit judge found the seventh question sufficient to charge the plaintiff with notice or knowledge of the danger, and therefore that plaintiff, by continuing to work with the saw, assumed this risk of his employment. On defendant's motion the court changed the answer to the ninth question from "no" to "yes," and gave judgment on the verdict so changed, dismissing the complaint. He pointed out that in the charge to the jury he had separated the questions of contributory negligence and assumption of risk, referring the latter to the sixth and seventh questions and the former to the ninth question. He therefore gave the answer to the seventh question a preponderating effect over the answer to the ninth question and held there was a legal inconsistency between these answers, and therefore changed the answer to the ninth question, as stated. It is claimed by the appellant that the seventh question is really narrower than the circuit judge thought it, and that, properly construed, it relates merely to danger of getting in actual contact with the saw and not to the danger of working around the saw in this condition, and therefore not inconsistent. We do not see how the language of this question above referred to can be so limited, and reject this construction.

The appellant's next point is that the court should have set aside the verdict as inconsistent and granted a new trial in-

·stead of changing the answer to the ninth question, and on this point he cites *Darcey v. Farmers' L. Co.* 87 Wis. 245, 58 N. W. 382, and *Deisenrieter v. Kraus-Merkel M. Co.* 97 Wis. 279, 72 N. W. 735, in which this was done under somewhat ·similar circumstances; also *Hazen v. West Superior L. Co.* 91 Wis. 208, 64 N. W. 857; *Conroy v. C., St. P., M. & O. R. Co.* 96 Wis. 243, 70 N. W. 486; *Wanzer v. Chippewa Valley E. R. Co.* 108 Wis. 319, 84 N. W. 423; and *Fehrman v. Pine River,* 118 Wis. 150, 95 N. W. 105, which are not so similar as the first two mentioned, but nevertheless, in case ·of inconsistent findings, grant a new trial.

Whether or not these findings are· inconsistent in the case at bar depends on whether the contributory negligence neg-.atived by the ninth finding necessarily included the assump-·tion of risk affirmed by the seventh finding.

1. In decisions of this court assumption of risk by an ·employee has been, by slightly varying forms of expression; ·to a certain extent identified with contributory negligence. Beginning with the earliest case found, it was said in *Nadau v. White River L. Co.* 76 Wis. 120, 43 N. W. 1135:

"The assumption of an unusual risk in any employment by ·the employee is in the nature of negligence on his part, which, like any other contributory negligence, prevents his recovery."

In *Hennesey v. C. & N. W. R. Co.* 99 Wis. 109, 74 N. W. .554, it was said:

"Assumption of the risk of unusual danger is a form of ·contributory negligence."

In *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573, it was said:

"Assumption of risk, in the sense of those ordinary dangers incident to an employment as generally carried on, of course has nothing to do with contributory negligence, for, there being no negligence on the part of the employer as to such risks, obviously there can be no contributory negligence in the sense of concurring fault."

In other cases the word "unusual" was not used with ref-
·erence to the dangers the risk of which was assumed.　There
is also *Darcey v. Farmers' L. Co.* 87 Wis. 245, 58 N. W. 382,
·where the assumption of risk was described as "a form of con-
tributory negligence;" *Hennesey v. C. & N. W. R. Co.* 99
Wis. 109, 74 N. W. 554, where it is spoken of as "a form of
·contributory negligence" and also as "a specific phase of con-
·tributory negligence;" *Hazen v. West Superior L. Co.* 91
Wis. 208, 64 N. W. 857, where it is described as "a species
·of contributory negligence," "equivalent in legal effect to
·contributory negligence.". To the same effect is *Peterson v.
Sherry L. Co.* 90 Wis. 83, 62 N. W. 948. In *Dugal v. Chip-
pewa Falls,* 101 Wis. 533, 77 N. W. 878, it is said to be "only
·one specific phase of contributory negligence." Similar ex-
pressions may be found in *Koepcke v. Wis. B. & I. Co.* 116
Wis. 92, 92 N. W. 558; *Johnson v. St. Paul & W. C. Co.* 126
Wis. 492, 105 N. W. 1048, and doubtless elsewhere. But in
the later cases the qualification first noticed with reference
·to *unusual* dangers does not appear in the words used describ-
ing assumption of risk, and in many, if not all, cases the
·comparison between assumption of risk and contributory
negligence appears to be made from the viewpoint of their
effect in defeating the plaintiff's right to recover, and also
while similarity, and even equivalency, of assumption of risk
with contributory negligence is asserted, absolute identity
for all purposes and under all circumstances we think is
nowhere asserted. On the contrary, the expressions above in-
dicate some degree of discrimination.

2. On the other hand, it has been decided that in a special
verdict separate questions relative to assumption of risk and
relative to contributory negligence should, in a case where
the evidence presents such separate conditions, be submitted
(*Hennesey v. C. & N. W. R. Co.* 99 Wis. 109, 74 N. W. 554),
unless these two subjects are grouped by the charge under a
·question in the special verdict relative to contributory neg-

ligence (*Dugal v. Chippewa Falls,* 101 Wis. 533, 77 N. W. 878). And these separate questions need not be submitted unless requested by the party entitled to make such request. *Howard v. Beldenville L. Co.* 129 Wis. 98, 108 N. W. 48; *Lounsbury v. Davis,* 124 Wis. 432, 102 N. W. 941.

3. The rule that separate questions upon assumption of risk and contributory negligence should, in a proper case and when requested, be submitted to the jury can only be justified on the ground that the jury would be authorized to find or might find in the given case different answers to each of these two questions, which answers would not necessarily be inconsistent. The rule which harmonizes all the cases in this state, so far as the present question is concerned, is that whether or not different answers to the questions inquiring about assumption of risk and those inquiring about contributory negligence are inconsistent depends upon the evidence in the particular case considered with reference to the questions submitted or with reference to the instructions given, or with reference to both. If no other "form," "phase," or "species" of contributory negligence than assumption of risk is shown by the evidence, different answers to those questions might be inconsistent. But if there is evidence tending to show contributory negligence as distinguished from assumption of risk, and also that "phase," "form," or "species" of contributory negligence called "assumption of risk" (to put it that way), then different answers are not necessarily inconsistent. Of the latter class is the case at bar. There was some evidence of contributory negligence in the manner in which the saw was set and the board cut, and aside from this there is some evidence of assumption of risk in using or continuing to use the saw knowing that it was uncovered.

We do not think that on the evidence we could say, as matter of law, there was or was not contributory negligence in setting the saw and cutting the board, by making two cuts in the manner described by the testimony. But the jury on sufficient evidence found plaintiff's assumption of the risk,

and this is decisive against the plaintiff's right to recover, and no prejudicial error in the proceedings below has been shown.

*By the Court.*—Judgment affirmed.