KNAUER, Appellant, vs. JOSEPH SCHLITZ BREWING COM-
PANY and another, Respondents.

*October 30—November 17, 1914.*

*Master and servant: Injury: Assumption of risk: Contributory neg-
ligence: Negligence of person other than employer: Railroads:
Questions for jury.*

1. An employee of a brewing company who, while driving out of
   an alley and across a private track in the brewery grounds,
   was injured by a railway car which had been shunted in upon
   such track without warning, and who had full knowledge that
   cars for the use of the brewing company were constantly
   shunted in upon such track in that manner, is *held*, as between
   himself and his employer, to have assumed the risk.
2. Although assumption of risk has often been spoken of as a form
   of contributory negligence, there is a distinction between the
   two, and one may exist without the other.  Assumption of risk,
   in its strict sense, exists only as an incident of contractual re-
   lations and does not involve violation of any legal duty; while
   contributory negligence, strictly so called, does not necessarily
   arise from contractual relations and is a violation of duty.
3. Although an employee of a brewing company had, as between
   himself and his employer, assumed the risk of injury from
   cars shunted in by a railway company upon a private track of
   the brewing company, such assumption of risk did not absolve
   the railway company from its obligation to exercise ordinary
   care, nor was it necessarily contributory negligence as to the
   railway company.
4. Whether, under the circumstances of this case, the railway com-
   pany was negligent in shunting the car in upon the private
   track without warning, and whether plaintiff was guilty of
   contributory negligence in attempting to cross the track as he
   did, were questions for the jury.

APPEAL from a judgment of the circuit court for Milwau-
kee county: W. J. TURNER, Circuit Judge.  *Affirmed as to
one defendant; reversed as to the other.*

Action for a personal injury.  The claim of plaintiff was
that, while performing his duties as an employee of defend-
ant brewing company, driving a span of horses attached to a
wagon in which he was riding and with due care in the act

of crossing a railway track owned by said brewing company; but maintained and operated by the defendant railway company, through their joint negligence the wagon was struck by a car and he was thereby thrown violently to the ground and injured. The pleadings put such claim in issue. The evidence was to this effect: The track where the injury occurred was used exclusively for the brewery business. It was intersected by an alley leading out from between the company's buildings in such a manner that a person driving a team into or out of such alley, in pursuit of the company's business, had to cross such track. In driving out of the alley one would come directly upon the track without opportunity to see efficiently along the same in the direction from which cars were liable to be shunted for use by the company. That was liable to happen at any time. Driving in either direction was also a frequent circumstance in doing such work for the brewing company, as plaintiff was engaged in. Prior to March 16, 1910, he had been in the employ of the company doing such work for a considerable length of time. He was perfectly familiar with the whole situation and the probabilities as to movement of cars. So far as he knew the brewing company's employees had always been accustomed to rely upon their own care in crossing the track. No one had been injured, to his knowledge, at the particular place, prior to the instance in question. The circumstances leading up to the injury complained of were common to his knowledge. He, in regular course, drove out of the alley. He did not expect there would be any one stationed at the track to warn him as to whether there was a coming car. He asked another teamster whom he met if the way was clear and was assured in the affirmative. Relying thereon he proceeded without looking. He had very little opportunity as he approached the track to observe or hear a car coming in time to avoid it, except by making some special effort to that end.

He proceeded into the danger zone, and a car came on and did the injury before he could avoid it. There was no one riding in on the car. It was shunted in by the railway company, leaving persons about to come out of the alley to their own vigilance to avoid being injured.

In the state of the case indicated, the trial court decided that plaintiff assumed the risk and directed a verdict of no cause of action. Judgment was rendered for both defendants on such verdict.

For the appellant there was a brief by *Rubin & Zabel,* attorneys, and *Horace B. Walmsley,* of counsel, and oral argument by *Mr. Walmsley.*

For the respondent *Joseph Schlitz Brewing Company* there was a brief by *Doe, Ballhorn & Wilkie,* and oral argument by *J. B. Doe.*

For the respondent *Chicago, Milwaukee & St. Paul Railway Company* there was a brief by *C. H. Van Alstine* and *H. J. Killilea,* and oral argument by *Mr. Van Alstine.* They cited *Kraczek v. Falk Co.* 142 Wis. 570, 126 N. W. 30; *Seaboard A. L. R. Co. v. Horton,* 233 U. S. 492, 34 Sup. Ct. 635, 639; *Schlemmer v. B. R. & P. R. Co.* 205 U. S. 1, 12, 27 Sup. Ct. 407; *Marquette, H. & O. R. Co. v. Spear,* 44 Mich. 169, 6 N. W. 202; *Central Vt. R. Co. v. Bethune,* 206 Fed. 868, 875; *Arkansas S. W. R. Co. v. Wingfield,* 94 Ark. 75, 126 S. W. 76; *St. Louis S. W. R. Co. v. Jackson,* 93 Ark. 119, 124 S. W. 241; *Boehm v. A. C. R. Co.* 174 Fed. 302; *Radley v. Knepfly* (Tex. Civ. App.) 124 S. W. 447; *Philbrick v. West Gardiner,* 105 Me. 164, 73 Atl. 1002; *Dunn v. Cavanaugh,* 185 Fed. 451.

MARSHALL, J. The trial court decided this case, regardless of whether either of the respondents violated duty as to the personal safety of appellant, upon the theory that he assumed the risk which resulted in his injury, and that the

railway company, with which he had no contract relations, was relieved by such assumption the same as the brewing company.

The undisputed evidence shows a very clear case of assumption of the risk. Plaintiff—in working for the brewing company with full knowledge of the custom of shunting cars across the alley intersection with the railway track without warning, either by the railway employees or any one provided by the brewing company—voluntarily subjected himself to that danger. Such voluntary act, in the relations between master and servant, is denominated assumption of the risk. By the common law, which had not been varied by statute, when the accident happened, so as to abolish the defense of assumption of the risk, a master may conduct his business as he sees fit, subject to the legal consequences. His employees are presumed to assume all the risks which are ordinarily incident to their work, and, in the absence of special circumstances not material to this case, one must be assumed to be familiar with such dangers and also all unusual dangers which are obvious or known to him and he voluntarily subjects himself to. As indicated, at the time of the injury this common-law rule was in full force, and entitled the brewing company to the decision complained of.

Whether the assumption of risk as to the brewing company, applies to the railway company, is a question of more importance than the learned trial court seems to have thought.

It has often been said by this court, that assumption of the risk is a form of contributory negligence; but that does not mean there is no distinction between the two. The former, in the technical sense, can only exist, as an incident of contractual relations. Being a purely voluntary act, it does not involve violation of duty by the employee, for one is at liberty to subject himself to danger if he sees fit, and, if he does so, in the absence of some written law to the contrary, it is at his own risk. Contributory negligence on the contrary, is a vio-

lation of a common-law duty; and there is the distinction between what may be said to be the two forms of negligence. One may be negligent in voluntarily subjecting himself to the dangers of work, as the master sees fit to carry it on, which are out of the ordinary; but that is matter of his own concern. *Dodge v. Kaufman,* 152 Wis. 171, 176, 139 N. W. 741. It does not involve violation of any legal duty. But contributory negligence, strictly so called, springs from such a violation. So the former, in the strict sense, only arises as an incident of contractual relations, while the latter in such sense, does not so arise. The two are treated as distinct in the written law, in that one as a defense by some legislative enactments, has been taken away and the other preserved.

Thus it was said of ch. 303, Laws of 1905, that it takes away the defense of assumption of the risk, in certain cases specified, but not that of contributory negligence. *Pulk v. Churchill,* 146 Wis. 477, 131 N. W. 906. Also the court has held that assumption of the risk and absence of contributory negligence may co-exist. *Campshure v. Standard Mfg. Co.* 137 Wis. 155, 118 N. W. 633; *Van Dinter v. Worden-Allen Co.* 153 Wis. 533, 138 N. W. 1016, 142 N. W. 122; *Murray v. Paine L. Co.* 155 Wis. 409, 415, 144 N. W. 982.

In the first case cited a pretty complete history is given of the identification, in the decisions of this court, of assumption of the risk with contributory negligence, and it is quite clearly shown that apparent confusion grows out of the treatment of the two in one class in respect to equivalency as a defense, and the features of there being the act of the injured person himself. It is said that real identity has never been asserted and does not exist; but on the contrary that a distinction has always been recognized. That is strikingly apparent in the legislative dealing with the two matters. It is likewise apparent by the fact that, in decisions of this court where assumption of the risk has been dealt with as an efficient defense, it has invariably been between employer and

employee.   The logical distinction between the two has not been often stated here.   It has been many times pointed out elsewhere to be that, in contributory negligence there is inad-- vertence, strictly so called, in stepping aside from a legal duty one owes to himself, while in assumption of the risk there is a voluntary subjection to the risk as an express or implied in- cident of the contract.   1 Words & Phrases, 589.   It is not difficult to see that the two may co-exist, as between employee and employer, and absence of one and presence of the other may also co-exist, and that assumption of the risk, in its tech- nical sense, does not apply as between persons having no con- tractual relations.

We might support the foregoing by numerous citations from foreign adjudications and text-books.   We venture to say there is harmony, in general, on the subject.   It is thought that the clear logic of the matter and the manner of dealing therewith in the written and unwritten law of this state, renders support elsewhere unnecessary.

We have not failed to consider, carefully, the interesting presentation by counsel for the railway company, supporting the idea that assumption of the risk and contributory negli- gence are practically synonymous; but neither loose expres- sions here and there, nor individual judicial declarations, now and then, by eminent men, make the law as it must be considerately stated in harmony with our judicial system, when a question in respect thereto arises.   Unless that is com- prehended and adhered to, there would be few reliable rules in respect to matters which have some points in common. That is well illustrated by the declaration in *Central Vt. R. Co. v. Bethune,* 206 Fed. 868, 875, that assumption of the risk does not, in any sense, rest in contract but rests "in a rule of common sense;" while in *Seaboard A. L. R. Co. v. Horton,* 233 U. S. 492, 34 Sup. Ct. 635, the distinction be- tween assumption of the risk and contributory negligence is said to be simple, though sometimes overlooked, and is stated

as here. Judges who have overlooked such distinction have done so, mainly, it seems, because the conduct involved, whether called one name or the other, is practically the same, in the absence of written law to the contrary, as regards efficiency for defense though, as indicated, the federal supreme court has declared, as the fact is, that there is a distinction and that it is plain and simple.

Perhaps it might be said that our own court is not free from fault as to the confusion referred to. *Koepcke v. Wis. B. & I. Co.* 116 Wis. 92, 92 N. W. 558. The court did not intend there to decide that the fault, denominated contributory negligence, and the voluntary act pursuant to consent as between employer and employee and not so involving fault at all, in a legal sense, denominated assumption of the risk, are synonymous; only that the latter does not have that distinct element of contract which a minor has not competency to make, but so far falls within the pale of contributory negligence, as regards matter of defense, as to be efficient where the assumption is by a minor, as well as in other cases. If any idea inconsistent with this is found there it is plainly superseded by the general review of the subject in *Campshure v. Standard Mfg. Co.* 137 Wis. 155, 118 N. W. 633.

So the assumption of risk between appellant and the brewing company was not that, nor, necessarily, contributory negligence as to the railway company. There was no violation of duty in the former relation. Appellant may have submitted to the danger, as to the brewing company, because of the duty of the railway company to exercise ordinary care not to unreasonably imperil his safety. Duty of the brewing company, in respect to the matter, was superseded by the implied agreement to take the risk. Duty in respect to such matter on the part of the railway company, was not so superseded. The relations between the former did not absolve the railway company from its obligations to exercise ordinary care. As to it, the assumption of the risk is immaterial, ex-

cept, perhaps, as regards the quality of vigilance requisite to ordinary care.

The evidence is undisputed that the manner in which the car was shunted across the intersection of the way out of the alley and the railway track, was very dangerous to persons lawfully using such way. No precautions whatever were taken for their safety. Assuming that the railway company knew users of the way were aware of the custom of moving cars and, in general, that they looked out, efficiently, for their own safety, and even were bound to do so as regards the brewing company, and, still, it seems that whether it breached its duty or not was, at least, a jury question.

If appellant had taken no precautions to guard against the danger he would clearly have been guilty of contributory negligence. But according to his testimony, just before entering the zone of danger, he asked a co-employee who had just emerged therefrom, driving into the alley, if everything was "O. K." and the reply came, "Yes, no car there," and then that he proceeded and, in an instant or two, was in the pathway of a moving car which he heard coming around the corner from a point outside of his line of sight, and made the best effort he could to get off the track; that he did not hear the car in time to avoid it owing to noises from operations in the vicinity. Under those circumstances it seems that whether he exercised due care was for the jury. Probably the trial court would have so decided had it been appreciated that assumption of risk which was fatal to plaintiff's claim against the brewing company, did not involve characteristics necessarily fatal as to the railway company.

*By the Court.*—The judgment as to respondent brewing company is affirmed with costs; and as to respondent railway company it is reversed with costs, and the cause remanded for a new trial.