Colson, Respondent, v. Rule, Appellant.

*November 27, 1961—January 15, 1962.*

For the appellant there was a brief and oral argument by *Frank D. Hamilton* of Dodgeville.

For the respondent there was a brief by *Kramer, Brown & Nelson* of Lancaster, and oral argument by *Jules F. Brown*.

CURRIE, J.   While the verdict contained a question which inquired as to plaintiff Colson's contributory negligence, together with an accompanying question on causation, it contained no question on assumption of risk by Colson. The learned trial court had denied a timely request by defendant's counsel that the verdict contain a question on assumption of risk. One of the reasons advanced for refusing to submit such a question was that the concurring opinions in *Baird v. Cornelius* (1961), 12 Wis. (2d) 284, 107 N. W. (2d) 278, had sounded a warning that assumption of risk

in cases of this kind was about to be abolished in Wisconsin. The instant appeal directly raises the issue of whether that vestige of the doctrine of assumption of risk, once so prevalent in master-and-servant cases, which has been retained in the field of farm labor, should now be abolished by this court.

In *McConville v. State Farm Mut. Automobile Ins. Co.,* ante, p. 374, 113 N. W. (2d) 14, this day decided, the court has abolished assumption of risk as a defense separate and apart from contributory negligence in automobile host-guest cases where there has been no express consent to assume a particular risk. The policy reasons for so doing are fully set forth in the opinion in that case. Equally strong reasons of policy exist for achieving the same result in master-and-servant cases involving farm labor.

In most situations, it seems highly unrealistic to hold that a farm laborer has assumed the risk of a dangerous situation arising from his use of a defective tool, device, or piece of machinery supplied by his employer. It is inherent in the doctrine of assumption of risk that the person to whom it applies has a freedom of choice and has exercised it. If an employee were to refuse to make use of defective equipment, when directed to do so by his employer, this action would likely result in his discharge. Few farm laborers are likely to defy the express commands of their employers in such a situation.

A further reason for abolishing assumption of risk as an absolute defense is that it tends to immunize those employers from liability who are the greatest transgressors in providing safe conditions of work for their employees. This is well illustrated by *Haile v. Ellis* (1958), 5 Wis. (2d) 221, 92 N. W. (2d) 863, 93 N. W. (2d) 857, where a farm laborer was furnished a defective cornpicker to operate, the rollers of which frequently became clogged with cornstalks. This court held that if the cornstalks clogging the machine

could not be removed by the employee except while the picker was operating, he would be guilty of assumption of risk in so removing the stalks. On the other hand, he would only be guilty of contributory negligence and not assumption of risk, when he removed the clogging stalks while the power was operating the moving parts, if it was possible to have so removed them with the power shut off. Clearly, the employer in such a situation would be more blameworthy if he supplied a defective cornpicker that required the employee to continue to have the moving parts operate in order to remove clogging stalks, than he would if it were possible for the employee to remove such stalks while the power was shut off.

Another reason for changing the existing rule is the difficulty in drawing the dividing line between assumption of risk and contributory negligence. In the *Haile Case,* it was held that assumption of risk in the employer-employee relationship is the mere passive subjection by the employee to the risk of injury inherent in known defective conditions, whereas contributory negligence involves an act or omission by the employee tending to add new danger to his situation. On the other hand, in *Knauer v. Joseph Schlitz Brewing Co.* (1914), 159 Wis. 7, 12, 149 N. W. 494, it was stated that "in contributory negligence there is inadvertence, strictly so called, in stepping aside from a legal duty one owes to himself, while in assumption of risk there is a voluntary subjection to the risk as an express or implied incident of the contract." The attempted distinction between assumption of risk and contributory negligence is highly technical and in many fact situations it is very difficult for trial courts to distinguish between the two. Yet, if assumption of risk is an absolute defense under the comparative-negligence statute, while contributory negligence is not, it is essential that trial courts attempt to define the same in instructing juries where

assumption of risk is pleaded as a defense. That confusion exists in past decisions of this court as a result of failure to distinguish between the two concepts is well illustrated by the following extract from *Campshure v. Standard Mfg. Co.* (1908), 137 Wis. 155, 159, 118 N. W. 633:

"There is also *Darcey v. Farmers' L. Co.* 87 Wis. 245, 58 N. W. 382, where the assumption of risk was described as 'a form of contributory negligence;' *Hennesey v. Chicago & N. W. R. Co.* 99 Wis. 109, 74 N. W. 554, where it is spoken of as 'a form of contributory negligence' and also as 'a specific phase of contributory negligence;' *Hazen v. West Superior L. Co.* 91 Wis. 208, 64 N. W. 857, where it is described as 'a species of contributory negligence,' 'equivalent in legal effect to contributory negligence.' To the same effect is *Peterson v. Sherry L. Co.* 90 Wis. 83, 62 N. W. 948. In *Dugal v. Chippewa Falls,* 101 Wis. 533, 77 N. W. 878, it is said to be 'only one specific phase of contributory negligence.' Similar expressions may be found in *Koepcke v. Wisconsin B. & I. Co.* 116 Wis. 92, 92 N. W. 558; *Johnson v. St. Paul & W. C. Co.* 126 Wis. 492, 105 N. W. 1048, and doubtless elsewhere."

We believe there is much justification for Mr. Justice MARSHALL's comment in *Powell v. Ashland Iron & Steel Co.* (1897), 98 Wis. 35, 41, 73 N. W. 573, that: "It is considered here, notwithstanding authority to the contrary, that no necessary distinction exists between the two [assumption of risk and contributory negligence]. Such distinctions are indulged in far too much and lead only to confusion and uncertainty in a most-important branch of jurisprudence."

This court recently had occasion to point out that conduct which may be termed assumption of risk and conduct which constitutes contributory negligence are not mutually exclusive. *Meyer v. Val-Lo-Will Farms* (1961), 14 Wis. (2d) 616, 621, 111 N. W. (2d) 500. In that case we quoted this statement from *Scory v. LaFave* (1934), 215 Wis. 21, 28, 254 N. W. 643:

" '. . . the assuming of such risks as ordinarily careful and prudent men similarly situated usually assume is within the field of assumption of risk whether assumed knowingly or ignorantly. But the assuming of such risks as are more hazardous than those which ordinarily careful and prudent men similarly situated usually assume constitutes contributory negligence.' " [2]

It seems incongruous that an employee should be barred from recovering in negligence against his employer because of any act on the employee's part which an ordinarily careful and prudent man similarly situated would have performed. There would seem to be no moral justification for so holding. However, where an employee assumes a risk more hazardous than ordinarily careful and prudent men similarly situated usually assume, such conduct ought to be deemed contributory negligence and subject to the comparative-negligence statute.

Furthermore, the most-potent argument in favor of treating employee conduct, which formerly fell within the definition of assumption of risk, as a phase of contributory negligence is that the disparity in result, as it affects the employee under the law as it has heretofore existed, cannot be justified. Under the doctrine that assumption of risk by a farm employee is an absolute bar to his recovery, such result is required where the employee merely passively accepts a defective or unsafe condition of work. On the other hand, because of our comparative-negligence statute a farm employee, who actively and knowingly does something unsafe which contributes to cause his injury, usually will be permitted to recover some damages against his negligent employer. Only in the case where the jury attributes 50 per

[2] This quoted statement was not original with the court in *Scory v. LaFave, supra,* but was a quotation from the earlier case of *Fandek v. Barnett & Record Co.* (1915), 161 Wis. 55, 64, 150 N. W. 537, which involved an employer-employee relationship.

cent or more of the combined negligence to the employee will he fail to recover.

From the foregoing it is apparent that there are strong policy reasons why that phase of assumption of risk which is implied from conduct ought to be abolished in employee-employer suits in the field of farm labor. However, as an incident to such abolition, conduct by a farm employee, which contributes to cause his injury and which would not be engaged in by ordinarily prudent farm employees similarly situated, should be held to constitute contributory negligence and be subject to the comparative-negligence statute. Under such a rule there would be embraced within the concept of contributory negligence some conduct which formerly would have fallen within the concept of assumption of risk.

There remains for consideration the question of whether such a change in the law can appropriately be instituted by this court or whether it more properly lies within the province of the legislature. The doctrine of assumption of risk as an absolute defense in master-servant cases was judge-made. Therefore, if the legislature had refrained from acting on the subject, courts could properly abolish or modify the doctrine. However, the legislature has seen fit to act in this field. There was so much dissatisfaction with the application of the harsh rule of assumption of risk in master-and-servant cases that in 1911 the legislature enacted sec. 2394-1, Stats. (ch. 50, Laws of 1911), which abrogated the defense of assumption of risk in all actions for the recovery for personal injuries or wrongful death of an employee against an employer with four or more employees. This statute has been amended and renumbered from time to time and today is sec. 331.37. The only amendment which we deem to be material to the instant controversy is that made by ch. 316, Laws of 1915. This enactment created sub. (3) of sec. 2394-1 which expressly provided that the abrogation of the

defense of assumption of risk should not apply to farm labor. This same provision is now sub. (3) of sec. 331.37.

If this had been the only legislative action taken, we would have to conclude that the legislature had made it unmistakably clear by enacting ch. 316, Laws of 1915, that assumption of risk was to be a defense in actions against an employer to recover for personal injuries or wrongful death of a farm laborer. This is because its 1911 enactment had abolished without exception the former court-made rule in actions against an employer of four or more to recover for the personal injuries or death of an employee.

However, the legislature did take further action in the matter when it enacted our comparative-negligence statute, sec. 331.045,[3] in 1931. This statute now reads:

"Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

Had this court, following the enactment of this statute in 1931, construed it as applicable to all conduct of injured farm employees which evinced a lack of ordinary care for their own safety, irrespective of whether such conduct fell within any of the prior judicial definitions of assumption of risk, such an interpretation would have been supported by considerable authority. Reference to the quotation hereinbefore set forth from *Campshure v. Standard Mfg. Co.,* *supra,* illustrates that this is true. For further authorities

---

[3] This statute has been amended but once and that was by sec. 2, ch. 548, Laws of 1949, which merely eliminated the requirement that the diminution of damages in proportion to the amount of negligence of the person recovering be "by the jury."

holding that conduct constituting implied assumption of risk is but a phase of contributory negligence, see the concurring opinion of Mr. Justice FAIRCHILD and the writer in *Baird v. Cornelius, supra.*

In *McConville v. State Farm Mut. Automobile Ins. Co., supra,* we have concluded that conduct of a guest in a motor vehicle, in failing to exercise ordinary care for his own safety, which contributes to his injury is subject to the comparative-negligence statute even though such conduct is the type which would have been held assumption of risk under our prior decisions. This has the effect of overruling many cases decided since the adoption of sec. 331.045, Stats. To be consistent, we must similarly interpret this statute in cases, such as the instant one, involving farm labor.

Therefore, it is our determination that secs. 331.37 (3) and 331.045, Stats., must be construed together and that any conduct of a farm laborer, which evinces want of ordinary care for his own safety, constitutes contributory negligence and is subject to comparison under the latter section. This will have the effect of largely, if not entirely, abrogating in farm-labor cases the defense of assumption of risk as an absolute bar to recovery where the conduct alleged falls short of express consent.

*By the Court.*—Judgment affirmed.

GORDON, J., took no part.